THE COUNTY TREASURER OF BERRIEN v. THOMAS A. BUN-
BURY ET AL.

*Suits on official bonds—Pleadings.*

In an action at law, tried without a jury, it is for the trial judge, and not for the appellate court, to hear argument as to the force of the evidence and as to inferences and presumptions, and to draw therefrom and state the necessary conclusions of fact.

In an action by a public officer upon a bond running to him in his official character, the objection that it is not enough to designate the plaintiff by his official title alone, but that his individual name should be given, is one that must be taken before pleading to the merits, and cannot be raised for the first time in the appellate court.

Pleading in the name of a public office without adding the name of the officer, if a defect, is amendable.

Where a statute designates a public officer as the obligee in a bond required from another officer for the public security, he becomes the proper person to bring suit on the bond in the absence of statutory provisions.

All public officers, even if not expressly authorized by statute, have a capacity to sue commensurate with their public trusts and duties.

A city treasurer's bond to the county treasurer, after stating the duty covered by the obligation, added the words, "reference being had to the warrant of the supervisor of said township attached, or to be attached, to the assessment roll of the year 1872." This clause was in excess of the statutory terms of the bond. *Held,* that it was surplusage and a nullity, and that the absence of a warrant could not make the bond inapplicable to moneys actually received on the roll.

A city treasurer who has given bond to the county treasurer on being notified of the amount of state and county taxes apportioned to his district, is bound in the absence of protest from taxpayers, to pay over to him what he has received in payment of such taxes, even though the authority for their collection was irregular and informal.

Sureties on a bond given by a city or county treasurer are not liable in an action thereon for moneys not collected, or moneys lawfully accounted for.

Error to Berrien.    Submitted Oct. 15.    Decided Jan. 5.

DEBT on bond.    Plaintiff brings error.    Reversed.

*Edward Bacon* and *Jacob J. Van Riper*, prosecuting attorney for Berrien county, for plaintiff in error. The want of a tax warrant in connection with an assessment roll does not invalidate the voluntary payment of a legal tax. *Robbins v. Barron* 33 Mich. 126; it may be a defence in an action for neglecting to collect, but not for neglecting to pay over what has been collected, *Weimer v. Bunbury* 30 Mich. 201; *Mason v. School District* 34 Mich. 233; *Nickodemus v. East Saginaw* 25 Mich. 458; *Fake v. Whipple* 39 Barb. 339; *Looney v. Hughes* 30 Barb. 605; *Hancock v. Hazzard* 12 Cush. 112; *Bellwinkel v. Guttenberg* 17 Wis. 585; *State v. Cunningham* 8 Blackf. 339; *Wilson v. Burfoot* 2 Gratt. 134; *Orono v. Wedgewood* 44 Me. 49; *Kellar v. Savage* 2 Appleton 199; *Sandwich v. Fish* 2 Gray 298; *Hubbard v. Winsor* 15 Mich. 154; *Stockle v. Silsbee* 41 Mich. 619; *Snell v. State* 43 Ind. 360; *Armington v. State* 45 Ind. 10; Cooley on Taxation 500–504, 562–6; the obligation to pay it depends on parties and not on the warrant: *State v. Jackson Township* 50 Ind. 505; *Bell v. Railroad Co.* 4 Wall. 602; *People v. Vilas* 36 N. Y. 459; *People v. Pennock* 60 N. Y. 424; *Spence v. Perry* 18 Mich. 399; *Detroit v. Webber* 26 Mich. 291; 29 Mich. 28.

*H. H. Coolidge, O. W. Coolidge* and *T. G. Beaver* for defendants in error. If a warrant for the collection of taxes has not been delivered to the tax-collector by the proper official authority, the latter's sureties are not liable on his bond for moneys received by him from tax-payers: *Frankfort v. White* 41 Me. 537; *Whitfield v. Wooldbridge* 23 Miss. 183; *Rochester v. Symonds* 7 Wend. 392; *Munic v. Flint* 7 U. C. 449; *Quynn v. State* 1 Har. & J. 36; *Ellicott v. Levy* id. 359; the sureties of an officer who collects money without a warrant thereto, are not liable on his bond for failure to pay it over to the proper authority: *United States v. Cranston* 3 Cr. 289; *Henckler v. County Court* 27 Ill. 39; *Sample v. Davis* 4 Greene 117; *Com. v. Stockton* 5 T. B. Mon. 193; *Dane v. Gilmore* 51 Me. 544; *Dean v. Governor* 13 Ala. 526; *Pettyjohn v. Hudson* 4 Harr. 178:

*McDonald v. Bradshaw* 2 Ga. 248; *Carmichael v. Governor* 4 Miss. 239; *Mills v. Allen* 7 Jones (N. C. L.) 564; *Haley v. Greenwood* 28 Tex. 680; *Hill v. Kemble* 9 Cal. 71; *King v. Baker* 7 La. Ann. 570.

GRAVES J.   This action was brought on the official bond given by Thomas A. Bunbury as treasurer of the city of Niles to Samuel Hess the county treasurer of Berrien county "and his successor or successors in office forever." It was commenced by declaration to which the defendants pleaded the general issue. The judge heard the case without a jury, and on certain findings of fact rendered judgment for the defendants. The case is brought up on exceptions to the findings of law. The judge seems to have formed a theory which, in his opinion, justified a partial finding of facts and enabled him to dispose of the case without a finding of certain facts which would be indispensable in case the view of the law on which he acted should turn out untenable. The findings appear below.*

On scanning the declaration it appears that all the breaches sufficiently assigned to admit evidence are averred as having consisted of neglect and refusal to account for and pay over money received as taxes. Under the charter of

---

* I find as matter of fact in this case, that said Thomas A. Bunbury was elected treasurer of the city of Niles, on the first Monday in April, 1872, and that on the 23d day of November, 1872, he gave a bond to Samuel Hess, the county treasurer of the county of Berrien, in the sum of $17,313, the condition of which bond is as follows: "The condition of the above obligation is such that if the above named Thomas A. Bunbury shall duly and faithfully perform the duties of his office of treasurer of the city of Niles, in the county of Berrien, as required by the provisions of law which regulate the collection and return of taxes, reference being had to the warrant of the supervisor of said township attached or to be attached to the assessment roll for the year 1872, the obligation be void, etc."

I find the city of Niles was then divided into four wards, numbered first, second, third and fourth. That separate assessment rolls were made for the second and third wards, and the first and fourth wards. That the amount of the state and county tax apportioned to be spread upon the roll, for the second and third wards, was $4965.47; that the amount of the state and county tax apportioned and spread upon the roll for the first and fourth wards was $3305.87. That Thomas A. Bunbury, the treasurer, or those representing him, paid into the county treasury the sum of $3382.72, an amount greater than the amount to be collected in the first and fourth wards.

Niles the treasurer is to perform the same duties in relation to the collection and return of taxes for state, county and school purposes, assessed and levied within said city as is required of township treasurers and in the same manner, with the like restrictions and under the same liabilities. Act No. 134, Laws 1859, § 21, p. 372. He is required to give the same bonds as township treasurers (§ 40, p. 383) and to discharge the duties in regard to school moneys which in townships are devolved on treasurers. § 46, p. 385.

A township treasurer is required to give a bond to his township for the faithful discharge of the duties of his office and that he will faithfully and truly account for and pay over according to law all moneys which shall come into his hands as such treasurer (Comp. L. § 713) and this bond is to be given within ten days after he is notified of his election (§§ 712, 681). But after notification by the supervisor of the amount of state and county tax apportioned to his township and on or before the 25th of November he must give another bond. This is to be executed " to the county treasurer and his successors in office " and " in double the amount of state and county taxes " and " conditioned that he shall duly and faithfully perform the duties of his office." § 1000.

The bond in question was given in compliance with this

---

I find from receipts given by the treasurer or his brother that there was collected by said treasurer, or those acting under him, from the taxpayers of the second and third wards, the sum of $3459.38. I find that about the 28th day of January, 1873, that said Thomas Bunbury left the city of Niles, absconded, and that on or about the 4th day of February, 1873, the council of said city appointed Henry C. Platt city treasurer of said city, and that there was afterwards collected by him, said Platt, on the assessment roll for the second and third wards, the sum of about $220. I also find that the warrant of the supervisor of the first and fourth wards was attached to the rolls of said wards, but that no warrant of the supervisor of the second and third wards was ever attached to the assessment rolls for said wards until after the appointment of Henry C. Platt as treasurer, said warrant being attached March 6, 1873.

I find as matter of law arising upon the foregoing facts:

*First:* That the securities upon the bond of the treasurer are not liable upon said bonds for the moneys received by said Thomas Bunbury, treasurer, for taxes in the second and third wards, there being no warrant of the supervisors attached to the assessment roll for the collection of said taxes.

*Second:* That the amount paid into the county treasury should be held to be paid upon the roll of the first and fourth wards to which the supervisor's warrant was attached.

last provision and not as answering to the first bond, which in the case of township treasurers is to run to the township.

It is very apparent that the action on this bond has no reference to any cause of action by the city of Niles against Bunbury for failure to pay over or account for anything belonging to the city. The suit has no such scope, if any such were possible.

The briefs of counsel seem to imply that questions in regard to evidence can be examined. Of course this is not so. It was for the circuit judge to hear what might be said on the state of the evidence, and in respect to inferences and presumptions, and thereupon to find the necessary conclusions of fact. If there was presumptive evidence to make out any such fact it was for the judge to consider it and spread the result upon the record as a fact which he found. No such process is here admissible. It is confined to the court of original jurisdiction and we cannot pay attention to arguments to the contrary.

The brief of defendant's counsel contains the general objection that the action was commenced by an improper party,—by a party having no interest in the bond nor in its collection. Perhaps the bare name of office was not sufficient, and that the individual name of the treasurer should have been used with the office by way of addition. *Commissioners of Highways of Cortlandville v. Peck* 5 Hill 215; *Supervisor of Galway v. Stimson* 4 Hill 136; *Agent of Mount Pleasant Prison v. Rikeman* 1 Denio 279; *Overseers of the Town of Hebron v. Ely*, Lalor's Supp. to Hill & Denio 379. But if so, the point is not available. The defendants should have taken the objection before pleading to the merits. It does not appear to have been raised below and it cannot be urged here for the first time. The fault, admitting it to be one, is curable by amendment. *Barber v. Smith* 41 Mich. 138 and cases; *Johr v. St. Clair Supervisors* 38 Mich. 532; *Agent of Mount Pleasant Prison v. Rikeman*, supra.

If the gist of the objection is that the treasurer is not in law competent to be plaintiff the position is not valid.

There is no provision which in express terms confers the power, but none is necessary. There is no statute against it, and when the giving of the bond is prescribed as a piece of security for the safe-keeping and payment of the state and county taxes, and the county treasurer is designated as the one to be obligee, the law points him out as the one to be invested with the legal interest and as the proper party plaintiff in case of a suit. A different construction would lead to the awkward conclusion that the Legislature carefully exacted an obligation to protect the public interests and then allowed it to be waste paper for want of some provision identifying the party plaintiff to enforce it. The rule is general that all public officers, though not expressly authorized by statute, have a capacity to sue commensurate with their public trusts and duties. *Supervisor of Galway v. Stimson,* supra.

The condition of the bond in question after stating truly, though in a somewhat enlarged form, the duty covered by the obligation, went on to say : " Reference being had to the warrant of the supervisor of said township attached, or to be attached, to the assessment roll for the year 1872." And as one of the two rolls which Bunbury held never had a warrant, it is contended that the bond was not applicable to any money which went into his hands on that roll. The answer to this is, that this passage in the condition is a harmless excrescence. It is something beyond the statute terms. Moreover, as a paragraph in an obligation executed by the city treasurer of Niles to the county treasurer, it is nearly devoid of sense. No warrant of a township supervisor could be attached. It would be necessary to regard the word " township " as used by mistake for the word " city." Otherwise the supposed qualification would be mere nonsense. But the passage is a nullity and it was proper to reject it as surplusage. *Dixon v. United States* 1 Brock. 177 ; *United States v. —— ——* id. 195 ; *Grocers' Bank v. Kingman* 16 Gray 473.

The objections against the action which are grounded on irregularities and the lack of a warrant on the roll for the

second and third wards are not sufficient to defeat recovery. The suit is not founded on any default in making collection. Neither is it an action against delinquent tax payers. Its object is to recover from the officer and his sureties, for the benefit of the state and county, the very money which he as treasurer actually received for them and wholly fails and refuses to account for and pay over. The money went into his hands. He received it in payment of taxes, and as money belonging to the public. Whose money is it? Those who were assessed voluntarily paid it in satisfaction of their tax dues and in the discharge of their duty as citizens, and he as city treasurer accepted and received it as money of the public which it was his official duty and province to receive and take care of for the public benefit. It was not his when it was paid and received and has not become his since. It belongs to the State and county. Can it be an answer to this suit brought for its recovery to say: true, the money was so paid and received and has not been accounted for; but it could not have been obtained if the tax payers who freely paid and do not complain had held back for compulsory measures? We think not. Whether it went into Bunbury's keeping by the right hand or the left, on papers regular or irregular, with or without a warrant, makes no difference. Its ownership in equity and his legal responsibility were the same. It was paid and received as tax money, and it was covered by his duty as city treasurer and by his bond. The doctrine rests on policy, reason and authority. *King v. United States* 99 U. S. 229 ; *Gwynne v. Burnell* 7 Clark & Finn. 572 ; *Mason v. School District* 34 Mich. 228 ; *Clark v. Fredenburg* 43 Mich. 263.

We have referred already to the peculiarity of the judge's findings. He was of opinion that the sureties were not liable for any amounts received for taxes in the second and third wards because no warrant was attached to the roll for those wards, and that the amount found to have been paid over was required to be credited against the roll for the first and fourth wards on which there was a warrant. He found, as matter of fact, that an amount was actually paid over not

only equal to the whole sum spread on the roll for the first and fourth wards ($3305.87) but $76.85 in excess, and that there was collected from the tax payers of the second and third wards on the part of Bunbury $3459.38 and by Platt, his successor, $220.

The judge's theory of the law enabled him to dispense with further facts. Holding that there was no liability on account of the second and third wards because there was no warrant, and that the amount paid in cancelled the entire assessment in the first and fourth wards where there was a warrant, the sum collected in the latter wards was immaterial. He therefore made no finding of the amount actually collected in such wards. But as this court finds the law to be, it is necessary to have a finding on that subject, and we think it must be practicable. The sureties are not liable in this action for moneys not collected, nor for moneys lawfully accounted for, and as the finding now stands it carries with it an assumption that the sureties may be charged, not merely for what was collected in the first and fourth wards, but for the entire amount assessed, whether collected or not. The probabilities are very great that much less than the whole assessment was in fact collected.

The aggregate of collections in both districts, as well as the aggregate of payments over, ought to appear. Otherwise there can be no accurate basis for a judgment.

The case might have been sent back without discussion on the points of law, and such would have been the usual course. But as the controversy is one of public importance, and has been pending many years, and further litigation may possibly be averted, we have deemed it expedient to express our opinion on the ruling questions because we have no doubt about them.

The case must go back, and in case the parties think best to continue the litigation there must be another trial. The treasurer will recover his costs of this court.

The other Justices concurred.