[Filed June 10, 1885.]

HIRAM BROWN ET AL. v. SCHOOL DISTRICT No. 1 ET AL.

ILLEGAL TAX—INJUNCTION.—Where the legality of a tax is disputed as to a part only, it is the duty of a plaintiff before bringing a suit to enjoin the collection of the disputed portion to pay or tender the part admitted to be valid. Otherwise his complaint will be dismissed.

ID.—PAYMENT UNDER PROTEST.—One who is compelled to pay an illegal tax may pay the same under protest and recover it back by a proper proceeding.

CLATSOP COUNTY. Plaintiffs appeal. Affirmed and complaint dismissed without prejudice.

C. H. Page, for Appellants.

C. W. Fulton, for Respondents.

THAYER, J.—This appeal is from the Circuit Court for the county of Clatsop. The appellants commenced a suit in that court against the respondents to restrain the enforcement of a certain school tax, levied upon the taxable property thereof by a vote of the legal voters of a school meeting held in the above-named district on the 15th day of July, 1884. The appellants are tax-payers of said school district, and have been assessed large sums on account of said tax. The object of the tax, as appears from the pleadings in the suit, was for the following purposes, and made up of the following items, viz.: One and

one third mills on the dollar for school purposes; one and two thirds mills on the dollar for the purpose of paying interest on the bonds issued by the district; and one half of one mill on the dollar for the purpose of making necessary improvements to the school-house block owned by the district. It appears that said tax was assessed in due form upon the property in the district, but that the appellants refused to pay their assessments, and were returned upon the delinquent list, which was placed in the hands of the sheriff of said county for collection, as provided by law, and that the sheriff is about to sell their property to satisfy the various amounts. The appellants claim that said bonds are void; that said district had no authority to issue them; and that the attempt to levy taxes in order to pay the interest thereon is illegal. Upon that ground they resist its collection.

The respondents in the court below filed an answer to the appellants' complaint, setting out all the facts in reference to the issuance of said bonds, and the objects for which they were issued, and the levy of said tax. The appellants filed a demurrer to the said answer, upon the grounds of the illegality of the bonds, which, having been overruled, and a decree entered dismissing the appellants' complaint, the latter has brought this appeal, and desires this court to adjudge the said bonds a nullity. The respondents, on the other hand, claim that the bonds are valid; that the school district issued them in order to raise money to build a school-house, and that the money has been received by the district, and the house built. It will be noticed that the larger part of the tax is unquestionably legal. The one and one third mills for school purposes, and the one half mill for the purpose of making necessary improvements to the school-house block, are unobjectionable, and it appears to this court that the appellants should have paid so much of said tax as is applicable to those purposes before they commenced their suit. It would render it, no doubt, very embarrassing to the affairs of the school district if the court were to interfere and enjoin the collection of the entire tax. If the appellants had paid off the portion admitted to be legal they would have done

equity before asking its interposition in their behalf. The authorities are not uniform upon the question as to whether or not a plaintiff's complaint should be dismissed in such a case, but this court is of the opinion that that is the better rule. If the appellants are obliged to pay the portion of the tax they claim to be illegal, they will not necessarily lose the amount paid. They can pay it under protest, in order to relieve their property, and if it be illegal can recover it back.

As to whether said bonds are good or valid the court expresses no opinion at this time, as it is not necessary to the disposition of the case under the view entertained.

For the reasons mentioned, the decree appealed from will be affirmed, and the complaint dismissed, without prejudice.