[Argued February 7; decided March 13, 1894.]

## CITY OF SALEM *v.* MARION COUNTY.

[S. C. 36 Pac. Rep. 163.]

1. HIGHWAYS— ROAD TAXES— RIGHTS BETWEEN CITY AND COUNTY.— Under 2 Hill's Code, § 4061, *et seq.*, providing for levying and collecting road taxes and for working the public roads by the county, and section 36 of the charter of the city of Salem, providing that the jurisdiction of the county court upon such subject shall not extend to the city of Salem, and that the street commissioners of such city shall have the power to enforce the payment of such taxes levied within its limits, and shall work them upon its streets, the city is entitled to such taxes levied upon the citizens within its limits.

2. IDEM.—Where a sheriff collects taxes belonging to the city and collectible by its officers, and pays the same into the county treasury, the city may sue the county to recover the same.

APPEAL from Marion: GEO. H. BURNETT, Judge.

This is an appeal from a judgment of the circuit court of Marion County, dismissing a writ of review

issued by said court at the instance of plaintiff to review the proceedings of the county court in disallowing and rejecting a claim presented by said plaintiff for three thousand seven hundred and sixty-three dollars and ninety-seven cents, being the amount collected by the defendant from the taxable property within the corporate limits of the city of Salem and the inhabitants thereof as road taxes. The record discloses, in substance, that the county court of said county, at the January term, eighteen hundred and ninety-two, levied and collected a road tax of two mills on the dollar upon all the taxable property in Marion County, including the taxable property within the corporate limits of the city of Salem, and also assessed and collected a poll tax of two dollars upon every person who was liable to pay a state poll tax within said county, including the inhabitants of said city; that the sum of three thousand four hundred and seventy-seven dollars and ninety-seven cents, as road taxes, and two hundred and eighty-six dollars as poll taxes, so assessed, was collected from the inhabitants of said city; that by virtue of section 36 of an act of the legislature entitled "An act, etc., to incorporate the city of Salem," known as the charter of said city, and an act supplemental thereto, etc., the said city became entitled to all the road tax, either in work or money, due from the inhabitants of said city, or assessed upon the taxable property within the corporate limits of the same; that at the October term of the county court in eighteen hundred and ninety-two, the plaintiff presented its claim for said sum of three thousand four hundred and seventy-seven dollars and ninety-seven cents, and the sum of two hundred and eighty-six' dollars, and asked said court to award the plaintiff a warrant on the treasurer of Marion County therefor, and that such court disallowed and rejected said claim; that thereafter the plaintiff sued out a

writ of review, whereby it removed the proceedings of
the county court upon its claim to the circuit court of
said county for review, where, after due consideration, it
was adjudged that the writ be dismissed and that the
defendant recover its costs and disbursements, from which
the plaintiff appeals.                          REVERSED.

*Messrs. D'Arcy & Bingham,* for Appellant.

*Mr. James McCain,* District Attorney, for Respondent.

Opinion by MR. CHIEF JUSTICE LORD.

1.   The plaintiff claims that it was entitled to these taxes
by virtue of section 36 of its charter, which is as follows:
"The power and authority given by general law of the
state to the county court of Marion County to divide said
county into road districts, to appoint road supervisors, to
lay out or work highways, to license the sale of liquor,
and to grant ferry licenses, shall not apply or extend to
the territory within the limits of the city of 'Salem; but
said territory and the inhabitants thereof are hereby
excepted out of the jurisdiction of said court upon said
subjects; *provided, however,* that the street commissioner
shall work the county road tax due from the inhabitants
of the city on the streets, alleys, and bridges thereof after
the manner prescribed by general law for road super=
visors, and he shall have the same power and authority
to enforce the payment of such road tax in work or money
as provided in such general law for road supervisors." By
subdivision 4 of section 4085 of Hill's Code, it is provided
that "In counties containing ten thousand inhabitants or
over, the county court of such county in the state, at the
time of leving taxes for county purposes, may levy a tax
upon all the taxable property in its county, not to exceed
two mills upon the dollar, and in addition thereto a poll

tax of two dollars to be assessed upon every person who shall be liable to pay a state poll tax, which tax shall be collected with and at the same time and in the same manner as county taxes shall be collected, and shall be paid into the county treasury, and shall be kept as a separate fund to be known as the road fund, and shall be used for the purpose of laying out, opening, making, and repairing county roads and building and repairing bridges. Whenever the county court of any county shall levy a tax as aforesaid, no other tax nor other taxes for the purposes in this section mentioned shall be levied or collected. Such county court shall annually make an apportionment of the taxes so collected among the several road districts in the county, and direct the amounts so apportioned to be paid to the supervisors of roads therein. In making the apportionment the court shall have a due regard to the amount of taxes collected in the several road districts, to the condition of the roads and necessity for repairs, and to the amount of travel thereon."

Under the general law the county court is authorized to divide the county into road districts, to appoint road supervisors, and to repair and work the roads or highways, etc.: Hill's Code, § 4061, *et seq.* By subdivision 4 of section 4085, in counties containing ten thousand inhabitants or over, the county court is invested with jurisdiction to levy and collect a road tax not to exceed the amount specified therein, and, in addition thereto, a poll tax for road purposes in the same manner and at the same time as county taxes, which shall be paid into the county treasury and kept as a separate fund, and apportioned to the several road districts of the county in the manner therein indicated. As Marion County, in which the city of Salem is located, is a county containing over ten thousand inhabitants, all portions of it, including the territory of the city of Salem, are subject to the jurisdic-

tion of the county court, except as qualified and limited by section 36 of the city charter. Under this section the territory comprising the corporate limits of the city of Salem is excepted out of the jurisdiction of the county court in respect to "the power and authority given by the general law of the state to the county court of Marion County to divide said county into road districts, to appoint road supervisors, to lay out or work highways," etc., thereby leaving the jurisdiction given in subdivision 4 of section 4085 of the general law to the county officers, unaffected so far as the levying and collecting road taxes within the corporate limits of the city of Salem is concerned, except as qualified and limited by the proviso in said section 36 of its charter. This proviso requires that the street commissioner, who is an officer of the city, "shall work the county road tax due from the inhabitants of the city on the streets, alleys, and bridges thereof after the manner prescribed by the general law for road supervisors, and he shall have the same power and authority to enforce the payment of such road tax in work or money as provided in such general law for road supervisors." By reference to the general law it will be found that the road supervisors are invested with authority to cause the road tax to be worked out, or to enforce its payment in money, and are, therefore, the collectors of such road tax; and as the street commissioner, under this proviso, is invested with the same authority, he is the collector of the road taxes, levied by the county, upon property within the city, and not the sheriff of the county. So that the effect of section 36 of the charter, is to limit and confine the jurisdiction of the county court under subdivision 4 section 4085 of the Code over the territory of the city to levy road and poll taxes as therein provided, leaving to the street commissioner the collection of such

taxes, and hence the collection of them by the sheriff, and the payment of the same to the treasurer of the county, was without authority of law, and the county is bound to refund it to the party lawfully entitled to it. As a consequence, upon the facts as disclosed by this record, the county court, although it had jurisdiction to assess and levy the road taxes in question upon the property and inhabitants of the city, the sheriff of the county had no authority to collect such taxes and pay them into the county treasury, but the duty of attending to the collection of the same devolved upon the street commissioner, who is an officer and agent of the city, and consequently the county has no lawful right to such taxes.

2. The principle that an obligation rests upon all persons, natural and artificial, to do justice, so that if a county obtain money or property of others without authority the law, independent of any statute, will compel restitution or compensation, is not questioned: *Chapman* v. *County of Douglas*, 107 U. S. 348, 2 Sup. Ct. 62. But it is claimed that there is no privity, statutory or contractual, between the county and city which would sustain an action for money had and received, and hence the county would not be justified in paying over the money in question to the city. As the street commissioner is an officer of the city, and as such authorized to collect such taxes, he is the agent of the city for their collection, and whether collected in work or money, such work must be performed or money expended upon the streets, alleys, or bridges of the city for the benefit of its inhabitants. The city, therefore, has the right to this money in order that it may be applied to the improvement and repair of its streets and bridges as the law directs. For these reasons, we think that the judgment of the circuit court dismissing the writ and awarding costs and disbursements to the defendant must be re-

versed and the cause remanded for further proceedings not inconsistent with this opinion, and it is so ordered.

REVERSED.