Argued October 28; decided December 7, 1896.

## OREGON CITY v. MOORE.
(46 Pac. 1017.)

1. ROAD TAXES—SPECIAL LAW—STATE CONSTITUTION, ARTICLE IV, § 23, SUBD. 7 AND 10.—A provision in a special law giving a common council of a city the exclusive control of all funds collected under general laws for the improvement of roads and streets within such corporation is not in conflict with the State constitution, article IV, § 23, subd. 7 and 10, prohibiting special or local laws "for laying, opening, and working on highways and for the election or appointment of supervisors," and "for the assessment and collection of taxes for * * * road purposes": *City of East Portland* v. *County of Multnomah*, 6 Or. 62, and *Multnomah County* v. *Sliker*, 10 Or. 65, followed.

2. ROAD TAXES—CODE, § 4085, SUBD. 4.—Under section 4085, subdivision 4, of Hill's Code, as amended (Laws 1893, p. 60), authorizing the county to levy and collect a road tax, and providing that the County Court shall apportion the amount collected among the road districts in the county, having due regard to the amount of taxes colleced therein, to the condition of the roads, and the necessity for repairs, and to the amount of travel thereon, a city having the right to control the expenditure of its part of such funds cannot compel the county treasurer to pay the same to it till such apportionment is made.

On Rehearing.

3. RIGHT OF CITY TO ROAD TAXES.—The right of a city to a portion of the road tax collected by county officials from its inhabitants cannot be determined by a mandamus proceeding against the county treasurer, where the law under which the tax was collected gives the County Court the power to determine the share belonging to the municipality, the remedy being by appeal from the award.

4. RIGHT OF CITY TO SHARE OF ROAD TAX—LAWS 1893, PAGE 116.— Sections 6 and 7, of the act of February 21, 1893 (Laws 1893, p. 116), refer only to the collection and custody of taxes collected by county officers as agents of the municipality for which they were levied, and do not authorize a city to maintain mandamus against a county treasurer for a share of the road taxes collected under a general law, in the absence of an order from the County Court fixing the city's proportion of the fund, and ordering the county treasurer to pay it over.

From Clackamas: THOS. A. MCBRIDE, Judge.

This is a mandamus proceeding by the municipal corporation of Oregon City to compel the county treasurer of Clackamas County to pay over to the plaintiff certain road taxes collected under the general laws of the State. A demurrer to the alternative writ having been sustained, the petitioner appeals.

AFFIRMED.

For appellant there was a brief over the names of *F. T. Griffith*, City Attorney, and *C. D. & D. C. Latourette*, with an oral argument by *Mr. C. D. Latourette*.

For respondent there was a brief over the names of *W. M. Barrett*, former District Attorney, *L. L. Porter*, Deputy District Attorney; *Brownell & Campbell*, and *F. J. Cleeton*, District Attorney, with an oral argument by *Mr. C. C. Brownell*.

Opinion by MR. JUSTICE BEAN.

The record discloses that in January, 1895, the County Court of Clackamas County levied a tax of four mills on the dollar on all the taxable property within that

county, and a poll tax of $2 upon each and every person liable therefor, for road purposes, as authorized by subdivision 4 of section 4085, Hill's Code, as amended in 1893 (Laws 1893, p. 60); and that pursuant to such levy there has been collected from the property and inhabitants of Oregon City, and paid over to the defendant, the sum of $2,874.77, which the plaintiff claims by virtue of subdivision 28, chapter V, of its charter, which reads as follows: "The council shall have exclusive control and direction of all funds collected under general laws for the improvement of roads and streets within said corporation, and the street superintendent shall perform the duties of supervisor as required by the general laws of this State relating to streets and highways; but he shall report to and be under the direction of the city council, and not to the board of county commissioners of Clackamas County; *provided*, that the city council may, by ordinance, direct that any or all of such funds collected for road purposes be expended on any main county road leading into Oregon City, when in their judgment the city would be benefited thereby; *provided*, that the city council shall turn over to the County Court of Clackamas County forty per cent. of the funds so collected each year, and the same shall be expended under the direction of said County Court on main county roads leading into Oregon City."

1. In behalf of the defendant, it is contended that this provision of plaintiff's charter is in conflict with article IV, § 23, subd. 7 and 10, of the State constitution, which inhibits the legislature from passing special or local laws "for laying, opening, and working on highways, and for the election or appointment of supervisors," and "for the assessment and collection of taxes for state, county, township, or road purposes," and is therefore void. But it seems to us that upon this question the case is ruled by *City of East Portland* v. *County of Mult-*

*nomah*, 6 Or. 62, in which it was held that a provision in
an act incorporating a city, excepting the territory within
the limits of the municipality from the jurisdiction of the
County Court for road purposes, and vesting the same
in the municipality, was not violative of the provisions
of the constitution referred to. This case was re-affirmed
in *Multnomah County* v. *Sliker*, 10 Or. 65; and *City of
Astoria* v. *Clatsop County*, not reported. Now, if the
legislature may, by a special law incorporating a city,
constitutionally vest in the municipality exclusive juris-
diction over the county roads within its boundaries, it
seems to us no valid objection can be made on constitu-
tional grounds to a provision in such an act merely con-
ferring upon the municipal authorities the right to con-
trol the expenditure of funds applicable to the improve-
ment of roads and streets within the municipality, col-
lected under general laws.

2. But, notwithstanding the constitutionality of
plaintiff's charter, the demurrer to the alternative writ was
properly sustained because it does not appear from the
record that the portion of the taxes collected under the
levy of January, 1895, to which plaintiff is entitled, has
ever been ascertained or determined by the proper tri-
bunal, or at all. The statute under which it was levied pro-
vides: That in any county in this State the County Court
of such county, at the time of levying the tax for county
purposes, may, if in the judgment of the County Court
it is for the best interests of the county, levy a tax upon
all the taxable property in the county, not to exceed five
mills on the dollar, and in addition thereto a poll tax of
$2 be assessed upon every person who shall be liable to
pay a state poll tax, which taxes shall be collected with
and at the same time and in the same manner as county
taxes shall be collected, and shall be paid into the county
treasury, and shall be kept as a separate fund to be known

as the road fund, and shall be used for the purpose of
laying out, 'opening, making, and repairing county roads,
and building and repairing bridges; and no other tax or
other taxes for the purpose in this section mentioned
shall be levied or collected, except that the County Court
may order bridges built or repaired out of the general
fund. Such County Court shall apportion the taxes so
collected among the several road districts in the county,
having due regard to the amount of taxes collected in
the several road districts, to the condition of the roads,
and necessity for repairs, and to the amount of travel
thereon. The county clerk shall thereupon notify the
road supervisor in each of the road districts in his county
of the amount of the road fund set apart for the use of his
road district, for opening, making, and repairing county
roads, and building bridges in his road district; and such
supervisor shall direct and supervise the expenditure of
such amount of the road fund so set apart for the purpose
herein named, and certify his accounts for labor performed
or material furnished to the County Court; and if the
County Court approves the same, it shall order warrants
on the county treasurer in favor of the person performing
such labor or furnishing such material, payable out of the
fund to the credit of such road district, and until such
fund is exhausted": Laws 1893, p. 60. Under the gen-
eral law, the County Court is invested with jurisdiction
to divide the county into road districts, and, by the stat-
ute in question, to levy and collect a special tax for road
purposes, and apportion the same among the several road
districts of the county in the manner therein provided,
and, through supervisors appointed by it, to control and
direct the expenditure of the amount set apart for each
road district. This jurisdiction extends to all parts of
the county, including the territory of Oregon City, except
as it may be limited and qualified by the city charter. And

the only limitation to be found in the charter is that the municipal and not the county authorities shall "have the control and direction of all funds collected under the general laws for the improvement of roads and streets within said corporation," and the right to appoint the road supervisor. In all other respects the jurisdiction of the County Court over the territory of Oregon City remains unimpaired. It may divide it into road districts, levy and collect from the inhabitants thereof, and the property therein, in connection with the remainder of the county, a road tax, ascertain and determine the amount thereof, which shall be apportioned to and expended in the road district or districts within the limits of the municipality, but when the apportionment is made its jurisdiction ceases so far as the expenditure of the amount set apart for the district or districts within Oregon City is concerned, and that of the municipality begins. Until such apportionment, there can be no fund arising out of the tax "for the improvement of roads and streets" within Oregon City or in any other district of the county. The statute does not require the tax to be expended in repairing the roads and highways in the district from which it is collected, but it becomes a common road fund to be apportioned by the County Court among the several districts of the county, having due regard to the amount of tax collected from each district, the condition of the roads, and the amount of travel thereon. This apportionment is a judicial act, and until it is made the county treasurer certainly cannot be compelled by mandamus to pay over any part of the fund to the plaintiff. No such proceeding seems to have been had, and therefore the judgment must be affirmed, and it is so ordered.

AFFIRMED.

Decided February 23, 1897.

ON REHEARING.

Opinion by MR. JUSTICE BEAN.

3. However willing we might be to accommodate counsel, the question as to what portion of the road taxes collected from the property and inhabitants of Oregon City shall be under the exclusive control and direction of the municipality cannot be determined in. a mandamus proceeding against the county treasurer. The law under which the tax was levied and collected makes the County Court the tribunal to determine that question in the first instance, and it is only on an appeal regularly brought to this court that we can review its decision.

4. Nor do sections 6 and 7 of the act of February 21, 1893 (Laws 1893, p. 116) have any application to this case. These sections have reference only to the collection and custody of taxes collected by the county officers for the district or municipality for which they were levied. The fund in question here, however, was levied and collected by the county under the general law, and the defendant holds it as the agent and officer of the county, and cannot be compelled to pay any portion of it over to the city without an order from the County Court authorizing him to do so. A writ of mandamus can issue only to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station (Code, § 593), and without an order of the County Court determining what portion of the road taxes collected shall be apportioned to the road districts within Oregon City, it is clear the law does not specially enjoin upon the defendant the payment of any portion thereof to the municipality as a duty resulting from his office.

REHEARING DENIED.