120 1028
Case 2
s121 659

## COUNTY OF MORGAN *v.* COUNTY OF WALTON *et al.*

1. Under the decision in *Penick* v. *High Shoals Manufacturing Co.*, 116 *Ga.* 819, when the company made its return and paid its taxes for 1902 in Walton county, that county was lawfully entitled to the money; nor was there anything in the receipt and payment to show that the fund was had and received for the use of Morgan county.
2. The petition set out no cause of action against the County of Walton for the tax for 1902, lawfully paid to it under the 8th section of the tax act of 1900.
3. There was no error in sustaining the demurrer.

Submitted July 16, — Decided August 12, 1904.

Equitable petition.    Before Judge Russell.    Walton superior court.    February 19, 1904.

This is a branch of the litigation referred to in *County of Walton* v. *County of Morgan*, ante, 548.    The plant of the High Shoals Manufacturing Company being partly in the County of Morgan and partly in the County of Walton, Morgan County filed a suit against the company and Walton County for the purpose of collecting the company's taxes for 1902 and 1903.    The question as to the taxes for 1903 was dealt with in the case above referred to.    The court struck so much of the petition as related to the taxes for 1902.    The County of Morgan filed its exceptions pendente lite, and, as soon as the final bill of exceptions in the main case was served upon it, presented a bill of exceptions assigning error on the rulings complained of in its exceptions pendente lite.    Through no fault of Morgan County or its counsel, this bill of exceptions was not signed within sixty

days from the final decree, and therefore was not argued with the main case in this court. That portion of the petition which was stricken, and to the striking of which exception is taken, set out, that, after the line between Morgan and Walton counties had been definitely located, the County of Walton paid its proportion of the cost of building a bridge across the county line and over the Appalachee river, and was thereby estopped from denying the correctness of the line survey. It was also alleged, that at the time for estimating property for taxation for the year 1902, the High Shoals Manufacturing Company's plant was situated in both counties, and that under the 8th section of the tax act of 1900, the property was required to be returned for taxes in Morgan County, the greater portion in value of the real estate and machinery being there situate; that the High Shoals Company, on June 30, 1902, returned the property in both counties; that the taxes for 1902 were paid to the County of Walton, $1,062.60 thereof being taxes on property returnable in the County of Morgan; that the High Shoals Company objects to paying Morgan County after having paid the taxes to Walton County ; and "said County of Morgan being entitled to said money, and said County of Walton not being entitled thereto, the same should be treated as money had and received for the use of said County of .Morgan, which ex æquo et bono ought to be paid to said County of Morgan, rather than seek to collect the same again from said High Shoals Company." There was a prayer that the petitioner recover from the County of Walton " said county taxes received by it for the year 1902, whether under the provisions of said act, or on principles of general equity."

*George & Anderson* and *Samuel H. Sibley*, for plaintiff.
*Henry D. McDaniel* and *John W. Arnold*, for defendants.

LAMAR, J. (After stating the foregoing facts.) In *Penick* v. *High Shoals Manufacturing Co.*, 116 *Ga.* 819, it was decided that the act for the collection of taxes for 1902 provided no assessors, arbitrators, or other method by which to settle contests as to which of two counties was entitled to taxes on a manufacturing company's plant divided by a county line. When, therefore, the High Shoals Company made its return and paid the taxes for 1902 in Walton county, that county was lawfully entitled to the money. Nor was there anything in the receipt and payment to

show that the money was had and received for the use of Morgan County. Subsequently, on August 17, 1903, the legislature passed an act providing a method for settling such disputes; but it could only relate to taxes which had not been paid, and could have had no reference to those which had been collected under the provisions of a previous tax act. The court properly sustained the demurrer. The petition set out no cause of action against the County of Walton for the taxes for 1902, lawfully paid under the provisions of the 8th section of the tax act of 1900.          *Judgment affirmed. All the Justices concur.*