## BOARD OF COM'RS OF CARTER COUNTY v. JOINT SCHOOL DIST. NO. 34.

No. 18782.   Opinion Filed Dec. 11, 1928.

F. M. Dudley, Co. Atty., and Marvin Shilling, Asst. Co. Atty., for plaintiff in error.

G. V. Pardue, for defendant in error.

DIFFENDAFFER, C.   The parties will herein be referred to as in the trial court, defendant in error being plaintiff below, and plaintiff in error being defendant below.

This is a action commenced in the district court of Carter county, wherein the plaintiff sought to recover certain money which it was alleged was collected by the county treasurer as taxes on certain real and personal property situate in plaintiff school district, levied for common school purposes therein, and by the county treasur-

er paid out to another school district numbered 34, being wholly within Carter county.

It was alleged that the money claimed was so collected and paid out in different years, ranging from 1916 to 1924 inclusive. The action was commenced April 20, 1926. Defendant demurred on the ground that the petition and supplemental petition did not state facts sufficient to constitute a cause of action, and by special demurrer as to all items claimed prior to 1923, on the special ground that the petition and supplemental petition upon the face thereof disclosed that such items were barred by the statute of limitation. The demurrer was overruled, and defendant answered by general denial, and specifically pleaded limitations as to all items which were claimed to have arisen prior to April 20. 1923. The cause was tried by agreement by the court without a jury, and was submitted upon an agreed statement of facts, in which it was stipulated in substance that the county treasurer of Carter county had collected taxes on property located in plaintiff school district, during the years mentioned, aggregating $2 192.32, which should have been apportioned to plaintiff, but was by the county treasurer apportioned to other school districts. It was also stipulated that plaintiff school district is a common school district. Upon this agreed statement of facts, judgment was rendered in favor of plaintiff for said sum, from which judgment defendant appeals.

The petition in error presents several assignments, which are reduced to three propositions: (1) That the trial court should have sustained defendant's special demurrer and plea of limitations as to all items claimed to have arisen prior to April 20, 1923. (2) Error in overruling the general demurrer based upon the ground that the petition and supplemental petition did not state facts sufficient to constitute a cause of action, and (3) That the judgment is contrary to both the law and the evidence.

If the defendant be right on the second and third. propositions, then it becomes wholly unnecessary to consider the proposition presented as to the statute of limitations.

It appears, both from the allegations of the petition and by the agreed statement of facts, that the money collected by the county treasurer, the recovery of which is sought, was for taxes belonging to plaintiff, and which should have been apportioned to it. It further appears, however, that the money so collected did not find its way

into the general or any special fund of the county, but was in fact apportioned to other common school districts.

Many cases of a similar character are cited by defendant, which would seem to uphold its contention. However, we think the facts in the instant case are almost identical with the facts in School District No. 2, Saline County, v. Board of County Commissioners of Saline County (Neb.) 2 N. W. 877. That was an action, as here, against the county commissioners for the recovery of certain license money which, under the Constitution, belonged to the school district, and should have been applied exclusively to the support of its common school. The law, with respect to the duties of the county treasurer in handling the money there collected, appears to be very similar to the law of this state prescribing the duties of the county treasurer relative to common school funds coming into his hands. In that case the court said:

"But we think the plaintiff has mistaken his remedy. Although the funds in question have been improperly used by the several school districts of their county, their misapplication was a work in which the board of commissioners took, nor could take, any part whatever, and for which the county is in no way liable.

"By referring to section 72, p. 974, General Statutes, it will be seen that the county treasurer is entrusted with very large powers respecting school moneys, and is made the special protector of funds designed for the support of schools within his county. It is specially enjoined upon him to 'take all proper measures to secure to each district its full amount of school funds,' from whatsoever source it may arise; and, in this connection, it is his duty, when such funds come into his hands, to credit the proper district, and on proper application pay them over to the officer of the district entitled to receive them from his hands. With the management of this business the county commissioners have no voice whatever. They cannot control, nor is the county in anywise answerable for the acts of the treasurer, either committed or omitted, in respect of these duties. If the county treasurer has misappropriated moneys belonging to the plaintiff he and his sureties may be liable in a proper action on his bond, but the county, very clearly, is not liable therefor."

In Jefferson School Township v. School Town of Worthington (Ind.) 32 N. E. 807, it was held:

"The proper remedy for a school town to recover taxes apportioned to it, but paid by the county treasurer to the trustees of a school township, and converted by such township, is by action against the township, and not by mandamus against either the county treasurer or trustee."

See, also, Center School Twp. et al. v. State ex rel. Board of School Commissioners (Ind.) 49 N. E. 961.

Under the general rule that "A city or other municipality may maintain an action at law against a county which has collected taxes for it and failed to pay them over, * * *" cited by plaintiff from 37 Cyc. 1592, plaintiff cites some ten cases in support of its contention that the county is liable in the instant case.

We have carefully examined these cases, and with the exception of Morgan County v. Walton County, 120 Ga. 1028, where the county was held not liable, the facts disclose that the counties there collected the taxes belonging to other municipalities and refused to pay them over, and in none of these cases had the money been paid out or apportioned to the wrong subordinate municipality, as in the instant cases. We think these cases not only fail to support plaintiff herein, but they tend rather to support the contention of defendant, viz.—that the plaintiff should look either to the county treasurer and his official bond, or to the particular municipality which actually received the money, as was held in School District No. 2, Saline Co., v. Board of County Commissioners, supra.

One of the cases cited by plaintiff, City of Salem v. Marion County (Ore.) 36 Pac. 163, held:

"Where a sheriff collects taxes belonging to the city and collectable by its officers, and pays the same into the county treasury, the city may sue the county to recover the same."

In the body of the opinion, the court said:

"The principle that an obligation rests upon all persons, natural and artificial, to do justice, so that, if a county obtain money or property of others without authority, the law, independent of any statute, will compel restitution or compensation, is not questioned."

If, in the instant case, the money had been received and retained by the county, the obligation would then have rested upon the county to do justice, and the law would compel restitution or compensation, in a timely action brought for that purpose. But such is not the case. The assets of the county were in no way increased by the mistake of the county treasurer in apportioning the taxes to the wrong school district. The county commissioners, charged by law with

the management of the fiscal affairs of the county, had nothing whatever to do with the apportionment of taxes collected by the county treasurer for common school purposes, such as are here involved, and we see no reason why, in justice, the county should be compelled to make restitution.

We think the plaintiff has mistaken its remedy; that instead of suing the board of county commissioners, it should have sued the school district or districts which received its money, and obtained the benefits thereof, or the county treasurer, who it appears was alone responsible for the loss of the money to the school district.

These facts appearing upon the face of the petition as amended, it follows that the court erred in overruling the demurrer.

It also appearing, from the agreed statement of facts, that plaintiff was not entitled to recover from the board of county commissioners, it likewise follows that the judgment appealed from is contrary to law.

From the foregoing, it is unnecessary to consider the question of the applicability of the statutes of limitations to plaintiff's claim or any part thereof.

The judgment should be reversed, with directions to enter judgment for defendant.

TEEHEE, HALL, HERR, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.