PATRICK D. PALMER, Plaintiff in Error, v. STATE OF OREGON, Defendant in Error.

*Error to Marion County.*

1. Keeping open a house in which intoxicating liquor is kept for retail on Sunday, is an indictable offense.
2. The charter given to the city of Salem does not repeal or change the license law.

AT the September Term, A. D. 1862, of the Circuit Court for Marion county, an indictment was preferred against Palmer, charging him with having unlawfully kept open a house, in which intoxicating liquor was kept for retail, on Sunday, and alleging that the house was in the city of Salem. Upon arraignment, Palmer, by his counsel, demurred to the indictment and claimed, among others, as grounds of demurrer:

2d. The grand jury had no jurisdiction over the subject.

3d. The law under which defendant is indicted has been repealed.

5th. The indictment does not show that the statute is in force in the said town of Salem.

The court overruled the demurrer, and defendant excepted to the ruling, and standing by his demurrer, was fined in the sum of ten dollars and costs; and in this court error is alleged in the overruling of defendant's demurrer.

*G. H. Williams, Esq.*, for plaintiff in error.

*R. Mallory, Esq.*, prosecuting attorney for State.

WILSON, J. In support of the allegation of error in the action of the Circuit Court, two positions are here principally relied upon :

1st. That the grand jury had no jurisdiction of the subject.

2d. That the charter of the city of Salem confers upon the city government the exclusive power to regulate the business of saloon keeping.

In the argument reference was made to a general law to prevent Sabbath breaking, passed by the territorial legislature, January 13th, 1854, which confers jurisdiction upon justices of the peace only, and upon conviction authorizes them to assess a fine not exceeding ten dollars; and among the offenses enumerated in that law is found that of keeping open tippling houses on that day. At a subsequent day of said session, the 18th day of January, A. D. 1854, the legislature passed the act under which this indictment was found and presented. Section 5, of that act, page 545, Statutes of 1855, provides that "no person shall keep open any house or room in which intoxicating liquor is kept for retail on the first day of the week, commonly called Sunday," and limits the fine at not less than ten and not more than twenty-five dollars. Counsel for Palmer now claims as the first point, that the prosecution should have been under the act of January 13th, 1854, and before a magistrate ; and as a necessary consequence, the interposition of a grand jury was an impossibility. The statute for the licensing of saloons for the retail of

spirituous liquors had not been made at the time of the passage
of the Sunday act of January 13th, 1854, and, doubtless, it was
the intention of the legislative assembly to provide special legis-
lation in reference to the restraining and the regulating of a
business, which, legalized by solemn statute, is ever so pro-
ductive of evil results.    Statutes, not expressly repealing
others, are if possible to be so constructed as to suffer both to
be in force ; in other words, repeals by implication are to be
avoided, yet when the inconsistency and repeal is clearly
apparent then the latter statute supersedes the former (21
*Pickering's R.*, 373) ; and we hold that the act of January 18th,
1854, providing for licensing saloons and for regulating them,
virtually repeals so much of the Sunday law, or so much of
any former statute as undertook to regulate such business, or
rather, that the regulation thereof is excluded from the opera-
tion of such previously existing provisions.    By section 9,
page 545, the violation of any of the provisions of the chapter
under which this prosecution was had is specially subjected to
the action of a grand jury.    As to the second point, a brief
reference to the charter of the city of Salem is necessary.
On the 19th day of October, 1860 (*page* 107, *Session Laws*),
the city of Salem was incorporated ; and we need, for the
purposes of this decision, refer to but two of the provisions
of that act.    Section 6, page 108, reads thus : " The mayor
and aldermen shall compose the common council of said
city, and at any meeting shall have *exclusive* power    *    *
to license and regulate bar-rooms, tippling houses, etc.,    *    *
that the tax and license hereby granted shall be in addition
to those made by the county,    *    *   to make by-laws and
ordinances not inconsistent with the laws of the United States
or this State."    It certainly is an act of regulation for
the carrying on of any business, to prescribe the hours or
days within which such business shall be transacted, or to for-
bid its transaction upon any certain day, or for any certain
time, and if, as the act provides, the common council have
the *exclusive* power within the limits of Salem to regulate

saloons, then, in the absence of any provision prohibiting the full exercise of that regulating authority, we should hold that the right of such regulation belonged to the city alone ; but the last clause of the charter, as above quoted, clearly indicates that the city of Salem undertook the exercise of its privileges and authority with a full recognition of the force and overruling power of any and all laws of the State of Oregon, then existing.  The act of January, 1854, now in question, had been for years in full force, and under it many offenders had been subjected to its penalties, and we cannot see how this charter in any way lessens its force, or excludes its full operation over the city limits of Salem any more than from any other part of the State.  We admit that the legislative assembly might by express provision change the workings of any law over a particular portion of our State; but until such act clearly appears to have been passed, and that, too, in the absence of any and all such saving clauses as the last one above quoted, we hold the State laws to be in full force wherever their passage sent them.

Judgment is affirmed.