State of Oregon v. Benjamin.

STATE OF OREGON, Respondent, v. HENRY BENJAMIN, Appellant.

*Appeal from Wasco County.*

1. Section 653 of the criminal Code does not repeal section 9 of the license law.
2. What constitutes a repeal by implication.

HENRY BENJAMIN was indicted for violating the ninth section of the statute, page 773, fifth section of the act of January 18th, 1854, regulating licenses to sell spirituous liquors, which section provides: "No person shall keep open any house or room, in which intoxicating liquors are kept for retail, on the first day of the week commonly called Sunday."

The trial resulted in the conviction of defendant.

*Denny & Hodgkinson,* counsel for respondent.

*J. K. Kelly, Esq.,* counsel for appellant.

BOISE, J. At the trial the counsel for the prisoner asked the court to instruct the jury that section five of the act of 1854, was repealed so far as it relates to keeping open a house in which intoxicating liquors are kept for retail, which instruction the court refused. Counsel for the prisoner claims that section 653, page 564 of the Code, repeals, by implication, section five aforesaid.

Section 653 provides: "If any person shall keep open any store, shop, grocery, ball-alley, billiard room, tippling house, or any place of amusement, or shall do any regular business or labor, &c., on Sunday, he shall, on conviction, be punished," &c. Are these provisions so inconsistent that they cannot both stand? Section 653 contains no words descriptive of this offense, and cannot, therefore, by implication, repeal section five. To repeal an act by implication, there must be a subsequent statute on the same subject, and providing for the same subject matter; so that at the time the legislature enacted the subsequent statute, they must have intended it as a substitute for the former. Section 653 does not provide against keeping open houses in which intoxicating liquors are kept for retail; there is then no inconsistency or repeal by implication.

Judgment is affirmed.