L. FLEISCHNER, AS TREASURER OF THE STATE OF OREGON, APPELLANT, *v.* S. F. CHADWICK, AS SECRETARY OF STATE OF THE STATE OF OREGON, RESPONDENT.

ACT VOID IN PART.—An act of the Legislature may be void in part for its unconstitutionality and good so far as it is constitutional.

REPEAL OF PART OF ACT BY IMPLICATION.—Where a subsequent statute is repugnant to a prior one, it operates as a repeal of the first so far as they conflict. Statutes which repeal prior ones by implication are not obnoxious to § 22, Art. IV of the Constitution.

CONFLICTING PROVISIONS OF INDEPENDENT ACTS—How CONSTRUED.—A subsequent independent act which does not attempt to revise or amend any prior act by reference to its title, is not unconstitutional because some of its provisions conflict with those of a prior act on the same general subject.

APPEAL from Marion County.

This is a special proceeding by petition for mandamus, brought by appellant against respondent before Hon. B. F. Bonham, in the Circuit Court for Marion County in vacation.

The object and prayer of the petition is to obtain a peremptory writ of mandamus directed to defendant to compel him to allow the account of the plaintiff theretofore verified and presented to him, and to issue warrants upon the treasury of the State for the amount of said account, which is for fifteen quarterly installments (to wit, from September 10, 1870, to June 10, 1874) of $100 each, of the compensation allowed plaintiff as a member of the "board of commissioners for the sale of school and university lands, and for the investment of the funds arising therefrom," as constituted by § 5, Article VIII of the Constitution of the State of Oregon; which compensation is claimed to be due to plaintiff under the provision of § 14 of chapter 49 of the General Laws of the State, as found on page 887 of the Code (edition of 1864).

The petition alleges that plaintiff was duly elected to the office of Treasurer of said State, and defendant was in like manner elected to the office of Secretary of State, at a general election held in said State on the first Monday in June,

A. D. 1870, each for the term of four years; that both duly qualified, and have, since September, 1870, held and performed the duties of their said offices respectively, including their labors and duties as members of said board; that there is now, in said "School Commissioners' Fund," money sufficient to pay the full amount of compensation due plaintiff as a member of said board, but that defendant refuses to allow said account, or to draw said warrants, and the prayer of the petition was for an alternative writ of mandamus against defendant, to be made final and peremptory upon a hearing. Defendant, in response to the order to show cause, appeared in person and filed his answer, alleging the repeal of § 14, chapter 49, of the General Laws, by § 13 of an act of the Legislative Assembly of the State of Oregon, approved October 28, 1868, and found on pages 33 to 38 of the laws of that session, as the reason for his refusal to allow said account and to draw said warrants.

Plaintiff demurred to said answer, which demurrer was overruled by the court, the answer sustained, and judgment rendered dismissing said cause and adjudging the costs against plaintiff; from which judgment this appeal was taken and the case brought into this Court.

*Dolph, Bronaugh, Dolph & Simon,* for Appellant.

*Syl. C. Simpson,* for Respondent.

By the Court, BURNETT, J.:

It is admitted that the law of 1864, authorizing the payment of the salary in this case, has been repealed by the law of 1868, unless the repealing statute is unconstitutional. If the law of 1868, or that portion of it repealing the law of 1864, is not in conflict with the Constitution, then the court committed no error in dismissing the cause. To declare a law unconstitutional, the court must be satisfied beyond a reasonable doubt that it is so.

It has been said by an eminent jurist, that when courts are called upon to pronounce the invalidity of an act of the Legislature, passed with all the forms and ceremonies

requisite to give the force of law, they will approach the question with great caution, examine it in every possible aspect, and ponder on it as long as deliberation and patient attention can throw any light on the subject, and never declare a statute void unless the nullity and invalidity of the act are placed, in their judgment, beyond a reasonable doubt. (19 Pick. 95.)

A reasonable doubt must be solved in favor of legislative action and the act be sustained. (4 Dale, 18; 4 N. H. 16; 13 Pick. 61.)

The act of 1868 is an independent act, one object of which was to place a class of lands in market that had never been offered before, to wit, the university lands, and the first five sections of the act point out the manner in which all the school and university lands belonging to the State shall be disposed of; then follows § 6, which is disconnected from all the previous sections, as well as those that follow it, and is on an entirely different subject.

It is claimed that this § 6 of the act of 1868 is contrary to Art. VIII, § 5 of the Constitution. If it was the intention of the Legislature by this provision to take away from the Board of Commissioners the control of the funds arising from the sale of school and university lands and give it to the county treasurers of each county where such lands might lie, it is clearly unconstitutional; but, conceding that this § 6 of the law is unconstitutional, does the balance of the act fall with it?

The rule in such cases, as laid down in 5th Gray's Mass. Rep., cited by appellant's counsel, and which is no doubt correct, is "that where part of a statute is unconstitutional, that fact does not authorize the courts to declare the remainder void also, unless all the provisions are connected in subject-matter, depending on each other, operating together for the same purpose, or otherwise so connected together in meaning that it cannot be presumed the Legislature would have passed the one without the other." The constitutional and unconstitutional provisions may even be contained in the same section, and yet be perfectly distinct and separable, so that the first may stand though the last

fall.   Applying this test to the act of 1868, we think the sixth section might be treated as unconstitutional and the balance of it valid, for the whole act may read, leaving out the sixth section, without apparent defect or want of harmony.

Another objection made to the act of 1868 is, that it is contrary to § 22 of Art. IV of the Constitution, which provides that "no act shall ever be revised or amended by mere reference to its title, but the act revised or section amended shall be set forth and published at full length." The Constitution of Maryland contains a similar provision, and in giving a construction to it, in the case of *Davis* v. *The State* (7 Maryland, 152), the court said: "This was intended to prevent incautious aad fraudulent legislation.   It does not apply to an independent act, establishing a new, or revising some previous policy of the State.   In such cases the enactment of one law is as much a repeal of inconsistent laws, as if the latter were repealed by express words." (Sedgwick on Const. and Stat. Law, 572; 2 Or. 125.)

While the law of 1868 is an independent act, and does not profess to revise or amend any prior act, it is claimed that it does amend or repeal different sections of the prior laws of 1864 and 1866 on the same subject, by implication. When two statutes are enacted that are so inconsistent that they cannot both stand, the last one repeals the first by implication, for the last enactment being the latest expression of the law-making power will prevail.   Statutes which repeal or amend others by implication are not obnoxious to § 22, Art. IV of the Constitution. (Cooley's Const. Lim. 150; 13 Mich. 496; 15 Ohio (N. S.) 573; 6 Ind. 41; 16 Ind. 497; 47 Mo. 29.)

It is claimed by the appellant that this case falls within the rule laid down in the case of the *City of Portland* v. *Stark* (2 Or. 69).   We have no hesitation in affirming that decision as being entirely correct, but an examination of that case will show that the act then under consideration was entirely different from this one, as appears from the following language found on page 74 of the opinion: "In the case at bar, the act of October 15, 1862, in its title pro-

fesses to amend an act entitled 'An Act to incorporate the city of Portland,'" etc., while in this case the act under consideration in entitled "An Act to regulate the sale of school lands, university lands, and to provide for the management of the funds arising therefrom," and contains no reference to any prior act whatever.

Judgment affirmed.