## CITY OF EAST PORTLAND, Appellant, *v.* COUNTY OF MULTNOMAH, Respondent.

Act of Legislature—Constitutionality of, Affirmed.—The amendment to the city charter of East Portland, approved October 25, 1872, is not unconstitutional.

Highways — Legislative Control Over. — The paramount and primary control of highways in a state, and of streets in cities is vested in the legislature.

Idem — Control over Highways may be Delegated. — The state may transfer its control of streets to a municipal corporation by act of the legislature.

Tax — Uniform, when.—A tax is not unconstitutional when it is equal and uniform throughout the taxing district.

Appeal from Multnomah County.

The facts are stated in the opinion of the court.

*W. W. Thayer*, for the appellant.

*Raleigh Stott, District Attorney, and C. A. Ball*, for the respondent.

By the Court, McArthur, J.:

By an amendment to the act incorporating the city of East Portland, which amendment was approved October 25, 1872, it was provided, among other things, as follows: That the territory within the limits of the city of East Portland should be thereby excepted out of the jurisdiction of the county court of Multnomah county upon the following subjects, viz.: To divide the same, or any part thereof, into road districts, or to appoint supervisors of road districts, or to lay out, open, or work any highway therein. The amendment also exempts the inhabitants of said city from road taxes, and from assessment for road work, providing that the board of trustees shall assess and

collect annually from each male inhabitant, over twenty-one and under fifty years of age, the sum of four dollars, to be applied in repairing the streets.

Notwithstanding this, the county court of Multnomah county, at the January term, 1876, did by its order lay off and establish certain road districts, which included within their limits the territory lying within the city limits of East Portland.

On the application of the appellant a writ of review was granted by the court below. This writ was duly returned with a full and complete record of all the orders and journal entries in that behalf made and entered by the county court, which show that the said county court established certain road districts, extending their boundaries and jurisdiction over the limits of the city of East Portland. After argument had the court below affirmed in all respects the action of the county court, and rendered judgment dismissing the writ at appellant's cost. From this judgment the city of East Portland appeals to this court.

It is claimed upon the part of the respondent that the amendment referred to, which excepts the territory of the city of East Portland out of the jurisdiction of the county court of Multnomah county, for the purposes enumerated, is invalid for that it conflicts with the constitution of the state, which inhibits the passage of special or local laws for laying, opening and working on highways for the election or appointment of supervisors; for vacating roads, town plats, streets, alleys and public squares, and for the assessment and collection of taxes for state, county, township, or road purposes. (Art. IV, sec. 23, subds. 7, 8, 10.) And also that the authority vested in the trustees to assess and collect the annual sum of four dollars from each male inhabitant of said city between the ages and for the purposes designated, in violation of the provision of the constitution which declares that the legislative assembly shall provide uniform and equal rate of assessment and taxation. (Art. IX, sec. 1.)

In order to decide this question we are obliged to look further into the constitution to ascertain whether there be

not some other provision bearing upon this case and touching these matters; and if so, to construe the applicable clauses with reference to each other, so that all may operate within their respective spheres to accomplish their ascertained purposes.

The first then that challenges attention and consideration is the one declaring that corporations may be formed under general law, but shall not be created by special laws except for municipal purposes. (Art. XI, sec. 2.) Acting under the authority of this section the legislative assembly in 1870, by special act, erected the municipality of East Portland, and in 1872 passed the amendment now claimed to be unconstitutional.

Having the very highest authority for the erection of the municipality, we need look no further into the matter of its creation. The question that meets us after passing the threshold of the case is, what powers could the legislature repose in the municipality, and over what matters, if any, could it give exclusive authority. It admits of no controversy that under the most general acts of incorporation cities are armed with the amplest authority over matters pertaining to police and public health. By special legislative enactment the municipality is vested with power to impose taxes for the general purposes of local community government and they are permitted to exact license taxes for the prosecution of various pursuits within their limits. (*State* v. *Burchard,* 2 Or. 78; *State* v. *Bird,* S. C. 1872.) In these cases power was conferred upon the city of Portland and the city of Corvallis to exact a license tax from all persons within the city limits who desired to sell liquor in less quantities than one quart, and by the acts of the legislature such persons were exempted from the operation of the general license law of the state. Legislation of this character has always been thought necessary to enable the municipal authorities to conduct the local governments without embarrassment, which would certainly overwhelm them if necessary funds could not be raised by general tax or special license tax.

Another power equally necessary to the existence of a

municipal corporation is that which enables it to control the streets and alleys within its limits. Opening, grading, draining, leveling, and repairing streets and alleys, are objects which can never be successfully attained by the most rigid enforcement of the general road laws of a state. The persons most directly interested in the benefits, and comforts flowing from improvements of that character, are those who live in cities, and natural justice would seem to demand that they have entire control thereof. The paramount and primary control of the highways of a state, including the streets in cities, is vested in the legislature (Dillon Muni. Corp., sec. 538), and there can be no other safe and judicious rule laid down than that where the legislature sees fit to yield control of the streets and alleys of a city to the corporate authorities, they will be upheld in exercising that control.

There is an obvious and very decided difference between streets and alleys in a city, and roads and highways traversing the rural districts, and it is to these last that subdivision 7 sec. 23 of art. IV of the constitution applies and is limited. The very object of granting city charters is to give rights and powers not possessed by the public corporations, like counties created by general law. When complete jurisdiction over a subject has been given to a city, as for instance the improvements of streets, the general laws of the state in regard to roads and road labor in counties and road districts, ceases to be applicable as soon as the city exercises its powers. (Dill. on Muni. Corp., sec. 534.)

The primary and paramount control of the streets having been vested in the legislature, and that body having by special act and in general terms given up its jurisdiction thereof to the city, the city may and should control them. Any other conclusion than this, and the one already reached, would abridge the authority of the legislative assembly invested by art. XI, sec. 2 of the constitution, by preventing that body from investing municipal corporations with one of the very powers necessary to the end of efficient municipal government.

We pass now to the consideration of the question whether the amendment of 1872 conflicts with this clause of the constitution, which declares that all taxes shall be equal and uniform. (Art. IX. sec. 1) The equal and uniform taxation clause has frequently been considered by the courts. The result of the decisions, as stated by Mr. Cooley, (Con. Lim. 494, 502,) is that the tax must be uniform throughout the taxing district. A state tax is to be apportioned through the state; a county tax, through the county; a city tax, through the city. If the rule of apportionment is uniform throughout the taxing district, the constitutional provision is not violated. The object of the constitutional provision is simply that one proportion of a community shall not be compelled to contribute an unequal share of a fund and a more favored class be proportionally relieved. In this case no such result has been attained. The inhabitants of the surrounding road districts are not compelled to contribute any greater tax than before the jurisdiction of the county court over the city of East Portland was suspended.

Judgment reversed, and the proceedings complained of annulled.

NOTE.—This decision was affirmed in the case of *The City of Astoria* v. *Clatsop County*, decided at the December term, 1877. The question presented in the two cases being identical, the latter case is not reported.