Decided July 20, 1909.

### CITY OF NYSSA v. MALHEUR COUNTY.

[103 Pac. 61.]

STATUTES—SPECIAL LAWS.

Nyssa City Charter (Sp. Laws 1903, c. 4), § 16, providing that the territory within the city limits shall be without the jurisdiction of the county court for the purpose of road taxes, is not in conflict with Section 23, Article IV, Constitution of Oregon, prohibiting any special law for laying, opening, and working highways, and for the assessment and collection of taxes for road purposes, and the city authorized by the charter to levy and collect taxes, etc., may demand from the county, road taxes collected on property within the city.

From Malheur: GEORGE E. DAVIS, Judge.

Statement by MR. JUSTICE MCBRIDE.

This is an action at law brought by plaintiff, the City of Nyssa, against Malheur County, to recover certain moneys collected by the county, within the corporate limits of plaintiff for road tax. Plaintiff contends that, under certain provisions of its charter, it is entitled to all the road tax collected on property within its limits, and that defendant refuses to pay over the same. Defendant demurred generally to the complaint. The demurrer was sustained, and plaintiff appeals.

REVERSED.

Submitted on appellant's brief under the proviso of Rule 16 of the  Supreme Court: 50 Or. 580 (91 Pac. XII).

For appellant there was a brief over the name of *Mr. C. C. Wilson.*

No appearance for respondent.

MR. JUSTICE MCBRIDE delivered the opinion of the court.

There was no brief filed or appearance made in this court on behalf of defendant, and perhaps we would be justified in assuming that defendant has abandoned its contention in the matter, but nevertheless we feel constrained to give the case such examination as the circumstances will permit.

Plaintiff's right to recover these taxes depends upon the construction of certain sections of its charter and of Subdivisions 7 and 10 of Section 23, Article IV, Constitution of Oregon. Section 3, Chapter 3, Nyssa City Charter, reads as follows: "The city treasurer shall receive from the sheriff of Malheur County, Oregon, all taxes levied by the council and collected by said sheriff, and shall receive all other money belonging to the city": Sp. Laws 1903, p. 784. The following sections of the charter also relate to the subject under consideration: "The common council shall have power to assess, levy, and collect taxes for general municipal purposes, not to exceed 10 mills, annually, on the dollar of all property, both real and personal, which is taxable by law for state and county purposes, and such tax shall be assessed, levied and collected in all respects in accordance with the terms of an act passed by the legislature in 1893, entitled: 'An act to secure more convenient mode of making assessments and of collecting and paying taxes, and to amend Section 2794 of the General Laws of Oregon, as compiled by W. Lair Hill,' said act having been filed in the office of the secretary of state February 21, 1893": Sp. Laws 1903, p. 793, c. 4, § 13. "All county roads lying within the limits of Nyssa are hereby declared to constitute a separate road district, to be under the supervision of an officer to be appointed by the common council, under such regulations as it may make, by ordinance, and all poll taxes or other taxes applicable to the improvement of said roads shall be paid to the city treasurer of Nyssa,

and shall be expended upon the order of said common council for the improvement of said roads": Sp. Laws 1903, p. 793, c. 4, § 14. "The territory included in the limits hereinbefore described shall be without the jurisdiction of the county court of Malheur County for the purpose of road taxes. * * ": Sp. Laws 1903, p. 794, c. 4, § 16.

Plaintiff contends that, under the charter provisions above cited, it is the duty of the county to pay over the moneys heretofore collected by it within its limits to the city treasurer. What the defendant's contention is does not appear, but we assume that it declines to pay over the money on the ground that Section 16 of Chapter 4 of the Charter of Nyssa is in violation of Section 23, Article IV, of the Constitution of Oregon. Those portions of said section referred to are as follows: "The legislative assembly shall not pass special or local laws in any of the following enumerated cases; that is to say. * * (7) For laying, opening, and working on highways, and for the election or appointment of supervisors. * *. (10) For the assessment and collection of taxes for state, county, township, or road purposes." Provisions very similar to those under discussion were incorporated in the charter of East Portland: Session Laws 1872, p. 181. In *East Portland* v. *Multnomah County,* 6 Or. 62, it was held that the provision in said charter, taking away the jurisdiction of the county court to collect taxes within East Portland, was not in violation of Section 23 of the Constitution (Article IV). The provision in the East Portland charter went so far as to exempt entirely citizens of the municipality from the payment of road taxes to the county, and provided a fixed charge of $4 upon each inhabitant between the ages of twenty-one and fifty to be expended on street improvement in lieu of road taxes. In the case of *Oregon City* v. *Moore,* 30 Or. 218 (46 Pac. 1017: 47 Pac. 851), the case of *East Portland* v. *Multnomah County,* 6 Or. 62, is cited and approved, and fol-

lowing these two cases we hold that the sections of the charter of Nyssa are not obnoxious to any provision of the constitution. This being the case, we are of the opinion that plaintiff was entitled to demand that portion of the money collected by the county for road taxes within the corporate limits of Nyssa.

The judgment will be reversed and the cause remanded to the lower court, with directions to overrule the demurrer.　　　　　　　　　　　　　　REVERSED.

MR. JUSTICE KING took no part in this decision.