Argued February 23, decided March 1, rehearing denied April 12, 1910.

## TILLAMOOK CITY *v.* TILLAMOOK COUNTY.

[107 Pac. 482.]

MUNICIPAL CORPORATIONS—CHARTER—CONSTRUCTION—"NOW."

1. Tillamook City Charter, Section 2, sub-section 2, Article IV, (Sess. Laws 1893, pp. 551, 552), authorizes the city to collect road taxes from all property of the corporation equal to that "now" levied by law for road purposes, to be expended on highways, streets, and alleys within the corporation, under the supervision of the common council, and exempts citizens and property from the same tax for county road purposes. *Held,* that the word "now" had a fixed, definite meaning, to wit, "at the present time," and limited the city's right to levy taxes for street purposes to the amount the county was authorized to levy for road taxes at the time the charter took effect, and that the amount the city was authorized to levy was not changed or increased by subsequent statutes, raising the county rate, either by the same or subsequent legislature.

MUNICIPAL CORPORATIONS—TAXATION—STATUTES—CHARTER—REPEAL.

2. Where a city charter authorized the city to levy a tax for street purposes at the same rate that the county was then authorized to levy

for road purposes, the subsequent repeal of the statute fixing the county rate by an act raising the rate did not abrogate the limitation placed on the city.

HIGHWAYS—TAXES—AUTHORITY TO LEVY—"SAME TAXES."

3. Where a city charter provided that the city might collect a road tax from all property in the corporation equal to that then levied by law for road purposes, and that the citizens and property within the corporation should be exempt from the "same taxes" for county road purposes (Sess. Laws 1893, pp. 551, 552, Article IV, § 2, sub-section 2), the words quoted referred to the character of the taxes, and not to their amount, and hence the county could not thereafter levy any taxes for road purposes within the city limits.

HIGHWAYS—ROAD TAXES—RECOVERY BY CITY FROM COUNTY.

4. Where a city authorized to levy only 1½ mills for street purposes levied no tax for such purpose, but the county without authority levied a tax of eight mills on the inhabitants of the city for road purposes, the city could recover from the county only the tax collected to the amount of 1½ mills; the city being unauthorized to ratify the unlawful act of the county and claim for itself what neither it nor the county was entitled to take in the first instance.

TAXATION—TAXES ILLEGALLY COLLECTED—VOLUNTARY PAYMENT.

5. Illegal taxes voluntarily paid cannot be recovered by the taxpayer.

From Tillamook:   WILLIAM GALLOWAY, Judge.

Statement by MR. JUSTICE MCBRIDE.

The plaintiff in this case was incorporated by the legislature by a special act passed at the session of 1893; the act of incorporation being found at pages 545 to 564 of the Session Laws of Oregon for 1893.  It is provided in the charter of plaintiff, among other things (pages 551, 552, Laws 1893), that the common council shall have power within the limits of plaintiff "to collect road tax from all property in said corporation equal to that now levied by law for road purposes, to be expended upon the highways, streets, and alleys within said corporation, under the supervision of the common council, and the citizens and property within said corporation shall be exempt from the same taxes for county purposes."  For the year 1908, plaintiff made no levy for road tax.  The county court of Tillamook County, however, made a levy for such purpose of eight mills on the taxable property in said county, including the property within the corporate limits of plaintiff.  The plaintiff on

April 9, 1909, demanded of said county all of said road tax assessed against the property within its limits, and the county refused to pay said demand, but ordered one-half of said road tax, or four mills thereof, to be turned over to plaintiff. The plaintiff thereupon sued out a writ of review from the circuit court of Tillamook County, to review the action of the county court in that matter, and, upon the hearing of said writ of review, the court found in favor of plaintiff and ordered all of said road tax to be paid over to plaintiff by the defendant Tillamook County. From this judgment, the defendant appeals.

The law, at the time the charter of the plaintiff was enacted, provided for the levying of road taxes by counties of less than 10,000 inhabitants to the amount of not to exceed $1.50 on the $1,000 valuation, or, in other words a tax of 1½ mills. Section 4085, Hill's Code.

REVERSED.

For appellants there was a brief over the names of *Mr. John H. McNary,* District Attorney; *Mr. William H. Cooper,* Deputy District Attorney, and *Mr. H. T. Botts,* with an oral argument by *Mr. Botts.*

For respondent there was a brief and an oral argument by *Mr. Webster Holmes.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1. The decision of this case turns primarily upon the construction to be given to sub-section 2, § 2, Article 4, of the Charter of Tillamook City (Sess. Laws 1893, pp. 551, 552). Among other powers granted the plaintiff by this section is found the following:

"To collect road tax from all property in said corporation equal to that now levied by law for road purposes, to be expended upon highways, streets and alleys within said corporation under the supervision of the common council, and the citizens and property within said corporation shall be exempt from the same taxes for county road purposes."

The charter went into effect immediately by virtue of an emergency clause thereto attached, having been filed with the Secretary of State February 13, 1893. At the time of its passage, the amount levied by general laws for county road purposes was 1½ mills on the dollar. Subsequently to the passage of the act incorporating plaintiff, but at the same session of the legislature, an act was passed permitting counties to levy a tax of 5 mills on the dollar for county road purposes; but this act did not take effect until 90 days after the adjournment of the legislature. Later an act was passed permitting a levy of 10 mills on the dollar, which act is still in force.

Plaintiff contends, first, that the words "now levied by law" should be construed so as to mean "now or hereafter levied by law"; in other words, that the intention of the legislature was to give the city the benefit of any increase that might be made in the amount of the levy by subsequent legislation. We are unable to find any authority for such an interpretation. The word "now" has a fixed and definite meaning. It signifies "at the present time," at a time contemporaneous with something done. *Pike* v. *Kennedy,* 15 Or. 420 (15 Pac. 637) ; *Chapman* v. *Holmes' Executors,* 10 N. J. Law, 20-26; *King* v. *Miller,* 53 Or. 53 (97 Pac. 542.) When used in a statute referring to other statutes, it will be construed as having reference to the statute then in force. *Beard* y. *Smith,* 22 Ky. 430.

2. A subsequent repeal or amendment of the statute referred to will not affect the statute in which the reference is made: Sutherland, Stat. Cons. § 257.

3. It is also suggested that the county court had no right to levy any tax for road purposes within the city limits, and in this view we concur. It has been the usual custom to exempt incorporated cities from the payment of general county road taxes, and at the session at which the charter in question was passed several municipal corporations were thus exempted, and it does not seem prob-

able that the legislature intended to make an exception of Tillamook City. We think the words "shall be exempt from the same taxes" refer to the character of the taxes, and not to their amount. The section is awkwardly drawn, and does not possess that definiteness that characterizes other charters passed at the same session; but the intent is evident.

4. But we cannot agree with the ingenious argument of counsel that the county, having collected a tax of 8 mills on the dollar from the inhabitants of Tillamook City, is bound to pay it over to the municipality. It was the right of the city to levy a tax of 1½ mills, and the duty of the county to collect this and pay it over. The city made no levy, but the county collected not only the amount that the city was entitled to have collected, but 6½ mills more, on its own account.

5. The county had no lawful right to make this collection, but, if it was paid voluntarily, a citizen cannot recover it, while, if it were collected by process of seizure and sale, an action might perhaps lie in favor of the person injured. *Johnson* v. *Crook County,* 53 Or. 329 (100 Pac. 294.) Its collection was an unlawful act, and the city could not ratify such act and claim for itself what neither it nor the county was entitled to take in the first instance.

Under the ruling of this court in *Eugene* v. *Lane County,* 50 Or. 468 (93 Pac. 255), the plaintiff is entitled to that portion of the tax collected by the county represented by 1½ mills on the dollar of its taxable property, and it appears that this, and more, was tendered to it and was refused.

Te decree of the circuit court is reversed, and the writ dismissed.                                        Reversed.