Argued May 4, decided June 14, 1910.

## HENDERSON *v.* BACKUS.

[109 Pac. 577.]

INTERPLEADER—SUBSTITUTING DEFENDANTS.

1. In an action for the recovery of a sum of money, the act of the court in allowing defendant to deposit the money in court and substituting a third party claiming the amount to defend in his stead, was irregular as not conforming to Section 40, B. & C. Comp., providing for such substitution in actions for recovery of specific personal property.

Appeal and Error—Parties—Necessary Parties.
2. In an action to recover a sum of money, although the act of the court in substituting another, who also claimed the amount, to defend the suit in defendant's stead, was irregular as not conforming to the statute, as the defendant was not made a party to the appeal, the order must stand as to him.

Money Received—Liability of Defendant—Allegations Necessary.
3. The complaint, in an action for the recovery of a sum of money, failing to allege defendant's claim to the money, or that he was concerned in its detention, did not state a cause of action.

From Baker: William Smith, Judge.

Statement by Mr. Justice McBride.

This is an action by Susan Henderson to recover the sum of $275, which was commenced in the circuit court of Baker County, against defendants, A. Backus and G. Anderson. The amended complaint is substantially as follows:

"That, heretofore, on or about the — day of —, 1908, the plaintiff placed in the hands of defendant A. Backus, for collection, a certain promissory note and claim against the estate of one Jacob W. Schroll, deceased, with instructions to present the same to the administrator of said estate for allowance and payment. That thereafter, on or about the 22d day of August, 1908, the defendant Gustav Anderson presented the said note and claim to the administrator of the estate of Jacob Schroll, deceased, and it was then and there disallowed and thereafter, on or about the 4th day of September, 1908, the defendant Gustav Anderson acting for the plaintiff filed a petition in the county court of Baker county, asking that the said note and claim be allowed and ordered paid, and that thereafter, on or about the 6th day of October, 1908, the said county court made an order allowing the said claim and note in the sum of $491.99, and ordered the same to be paid by the said administrator of the said estate of Jacob W. Schroll, deceased. That thereafter on or about the 27th day of October, 1908, the said note and claim, having been reduced to judgment as aforesaid, was compromised, allowed, and paid by the said administrator of the estate of Jacob Schroll to the defendant Gustav Anderson in the sum of $350 and the said defendant Gustav Anderson then and there received from said

administrator the sum of $350 as agent for the plaintiff and for the use of plaintiff and to be paid to plaintiff on demand. That thereafter, and before this action was commenced, the said plaintiff demanded payment thereof from said defendant and then and there the plaintiff tendered and offered to pay to the defendants the sum of $75, reasonable attorney fees for the presentation and collection of the said note and claim. That $75 is a reasonable sum to be allowed and paid to the said attorneys for all of their said services; and that the plaintiff has paid said defendants for the said services the sum of $75 and that she owes them nothing for the services, or otherwise, or at all. That defendants have not paid said sum of $350, nor any part thereof, and there is now due to plaintiff and from the defendants the sum of $350, less the sum of $75 allowed them as reasonable attorneys' fees, the net proceeds of said claim so collected and received as aforesaid, which net proceeds, amounting to $275, is now due, owing, and unpaid."

Subsequent to the filing of the original complaint, defendant Anderson filed an affidavit setting forth that the $275, claimed by plaintiff, came into his possession by virtue of certain proceedings in the county court of Baker County, which he conducted, as attorney, at the request of plaintiff and defendant Backus; that immediately upon receipt of the money he gave notice to plaintiff and Backus, and thereupon each of them claimed the money and each notified him not to pay it to the other; that he was ready and anxious to pay it to whomever might justly and legally be entitled thereto; that he had no knowledge as to the justice of the conflicting claims and held the money without collusion with either party, and asked that he might be permitted to deposit the same in court; that Backus be substituted as defendant; and that he be discharged from liability in such action. Later Backus was served with an amended complaint. He appeared and demurred on the ground that it did not state facts sufficient to constitute a cause of suit. After this demurrer was filed, the court made an order permitting Ander-

son to deposit the money in court, and discharging him from any further liability, a copy of which order was served upon Backus. Thereafter the court made an order overruling the demurrer of Backus and giving him five days within which to further plead; and finally on the 3d day of July, 1908, rendered judgment against him, for want of answer, in the sum of $275, and costs taxed at $11.75, and directed the clerk to pay over the money in his hands to the plaintiff, which was done. On the same day plaintiff entered complete satisfaction of the judgment.                                    REVERSED.

For appellant there was a brief over the names of *Messrs. Finn & Lomax*, with an oral argument by *Mr. LeRoy Lomax.*

For respondent there was a brief over the names of *Mr. Samuel White* and *Mr. Gustav Anderson*, with an oral argument by *Mr. White.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1. Whether a fund of the character of the one here in dispute is of the nature contemplated by Section 40, B. & C. Comp., may well be questioned. That section provides, that "in any action for the recovery of specific personal property, if a third person demand of the defendant the same property," etc., the court may, upon a showing made to that effect, make an order discharging the defendant from liability. and substitute such person in his place as defendant.

2. This is not being an action to recover specific personal property, the order of the court was irregular, but defendant Anderson was not made a party to this appeal, and, so far as he is concerned, the order must stand. His whole conduct in the matter has been so just and fair to both parties that we do not regret this result.

3. The amended complaint did not state a cause of

action against defendant Backus. It is not alleged that he ever claimed the money in question, or was concerned in its detention from plaintiff.

The judgment as to defendant Backus will be reversed and the cause remanded with directions to sustain the demurrer.          REVERSED.