On motion to dismiss, decided June 28, 1910.
On the merits submitted on briefs January 17, decided January 24, 1911.

## TILLAMOOK CITY v. TILLAMOOK COUNTY.

[109 Pac. 577: 112 Pac. 1134.]

APPEAL AND ERROR—CONSENT DECREE.

In a suit for an accounting and to recover money collected as road taxes, the agreement between the parties, not that the court should give a decree for either party, but that the court might determine the issues during vacation did not preclude an appeal from the findings, under Section 548, B. & C. Comp., forbidding an appeal from a judgment or decree rendered by consent or on default.

From Tillamook: GEORGE H. BURNETT, Judge.

Decided June 28, 1910.

ON MOTION TO DISMISS.

[109 Pac. 577.]

Mr. *Webster Holmes* for the motion.

Mr. *John H. McNary,* district attorney, and Mr. *H. T. Botts,* deputy district attorney, *contra.*

Opinion PER CURIAM.

This is a suit for an accounting and to recover money alleged to have been levied and collected as road taxes.

After the issues had been settled a writing was signed which, omitting the formal parts, is as follows:

"It is agreed and stipulated in open court by the parties to this suit by their respective counsel that the same shall be heard by the court first on the issue of whether or not there has been an accord and satisfaction and settlement of the matters in issue between the parties prior to the commencement of this suit and taken under advisement by the court; and that, if thereafter during vacation the court should determine that the issue should be found against the defendant herein, the cause may then be referred to Henry Crenshaw and Thomas Coates, as refereees, to ascertain and determine the amount of road taxes collected by the defendant during the times named in the peladings herein and the amounts paid by the defendant to the plaintiff during said times and report the same to the court within 30 days after notification to the counsel for the respective parties that the issue is to be decided against the defendant on the question of whether or not accord and satisfaction has been had respecting the matters at issue herein; and thereafter a decree shall be rendered by the court in vacation on all the issues raised by the pleadings herein. It is further agreed by the parties hereto that in case the issue on the question of accord and satisfaction shall be determined by the court in favor of the defendant, a decree may be rendered therein in vacation without further considering the question of amounts collected and amounts paid."

The issue of accord and satisfaction was decided against the defendant's contention, and the cause was referred to the persons selected to state the account. Upon their report the court decreed that there was due from the defendant $6,442.51, and it appeals.

The plaintiff's counsel move to dismiss the appeal on the ground that it is taken from a consent decree. The statute of Oregon prohibits a party from appealing from a judgment or decree given by consent or for want of an answer. Section 548, B. & C. Comp. In *Rader* v. *Barr*,

22 Or. 495 (29 Pac. 889), pursuant to the defendant's consent, a judgment was rendered against him as demanded in the complaint, and it was held that he could not appeal from the determination of the court. To the same effect, see *Schmidt* v. *Oregon Mining Co.,* 28 Or. 9 (40 Pac. 406, 1014: 52 Am. St. Rep. 759), and *Twichell* v. *Risley,* 56 Or. 226 (107 Pac. 459.)

The stipulation in the case at bar is to the effect that a decree may be rendered in vacation on all the issues involved, providing the court should determine the question of accord. and satisfaction contrary to the defendant's contention. It was not agreed that a decree should be given for either party, or for any definite sum, but that the court might determine the issues during its intermission.

We do not think the writing is susceptible to the construction placed upon it by plaintiff's counsel, and conclude that the motion should be denied, and it is so ordered.    DENIED.

Decided January 24, 1911.

## ON THE MERITS.
[112 Pac. 1134.]

Submitted on briefs without argument under the proviso of Rule 16 of the Supreme Court, 50 Or. 580 (91 Pac. viii).

For appellant there was a brief over the names of *Mr. John H. McNary,* district attorney, and *Mr. H. T. Botts.*

For respondent there was a brief over the name of *Mr. Webster Holmes.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

This case in all its essential features is identical with the case of *Tillamook City* v. *Tillamook County,* heretofore decided by us, and reported in 56 Or. 112 (107 Pac.

482). While we realize the fact that, by the peculiar provisions of its charter, Tillamook City is deprived of benefits conferred by charters upon nearly every other municipality in the State, the hardship is one created by the legislative authority, which we are powerless to correct. Upon the authority of the case above mentioned, the decree of the circuit court will be reversed, and a decree entered dismissing plaintiff's suit. REVERSED.

Mr. Justice BURNETT took no part in this decision.