Argued November 26, decided December 9, 1913, rehearing denied January 6, 1914.

## JOHNSON v. JACKSON COUNTY.

(136 Pac. 874.)

**Highways—Taxes—Exemption of City Property.**

1. City charter of Ashland, Article XVII, Section 1 (Sp. Laws 1898, p. 100), providing that the territory within the city is excepted out of the jurisdiction of the County Court for road purposes, and the inhabitants of the city shall be exempt from road taxes and assessments on property in the city except such as may be levied by the city council, applies not only to that portion of a road tax levied pursuant to Section 6320, L. O. L., which is to be apportioned to the road districts of the county, but also to the part which the County Court may expend in any part of the county.

**Taxation—Equality and Uniformity.**

2. A tax that is equal and uniform throughout the taxing district is not violative of Article I, Section 32, and Article IX, Section 1, of the Constitution requiring equality and uniformity.

Highways—Taxation—Equality and Uniformity.
  3. City charter of Ashland, Article XVII, Section 1 (Sp. Laws 1898, p. 100), exempting property in the city from road taxes and assessments except those levied by the city council, is not violative of Article I, Section 32, and Article IX, Section 1, of the Constitution requiring equality and uniformity.

From Jackson: FRANK M. CALKINS, Judge.

Department 2.    Statement by MR. JUSTICE BEAN.

This is an appeal by Jackson County, F. L. Touvelle, as county judge, W. C. Leever and J. C. Smith, as county commissioners, G. A. Gardner, as county clerk, and Aug. D. Singler, as sheriff of said county, from the judgment on a writ of review issued on petition of O. H. Johnson to review the proceedings of the County Court of Jackson County, Oregon, in January, 1913, levying a three-mill tax on all the taxable property of the county, including the property of plaintiff situated within the limits of the city of Ashland in said county, for a road fund, pursuant to Section 6320, L. O. L.    The Circuit Court adjudged that plaintiff's property is exempt from this tax by virtue of Section 1, Article XVII, of the charter of Ashland (Sp. L. 1898, p. 100), which section reads thus: "The territory within the limits of the city of Ashland as now existing or as may be hereafter extended is hereby excepted out of the jurisdiction of the County Court of Jackson County for licensing purposes and road purposes, and the city council shall have full and exclusive jurisdiction over the same.    The inhabitants of the city shall be exempt from the payment of road taxes and assessment of the property within the city for road work except such taxes as may be levied and assessed by the city council, and all such taxes shall be placed in the separate fund and used for street purposes within the limits of the city and not otherwise."

AFFIRMED.

68 Or.—28

For appellants there was a brief over the names of *Messrs. Neff & Mealey* and *Mr. E. E. Kelly,* with an oral argument by *Mr. Porter J. Neff.*

For respondent there was a brief, with oral arguments, by *Mr. W. J. Moore* and *Mr. A. E. Reames.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. It is contended by counsel for defendants that the foregoing section of the Ashland charter must be construed as exempting property within the city of Ashland from the payment only of one half of the tax levied pursuant to Section 6320, L. O. L., apportionable to the road districts of the county, and not from the one half of the tax which is placed in a county fund for general road purposes, to be expended by the County Court on the roads and bridges in any part of the county. It is their contention that Section 6320, L. O. L., provides for a composite tax; one half thereof constituting a local district road tax, and the remaining one half a general county tax equivalent to that formerly levied as a part of the general county fund for highway purposes. A glance at that section of the charter reveals that the area within the limits of the city of Ashland is excepted out of the jurisdiction of the County Court of Jackson County for road purposes, and further that the inhabitants of that city are exempt from the payment of road taxes, and the property within the city is exempt from assessment for road work outside the city boundaries. Similar provisions in municipal charters have been upheld by this court in the following cases: *East Portland* v. *Multnomah County,* 6 Or. 62; *Multnomah County* v. *Sliker,* 10 Or. 65; *Oregon City* v. *Moore,* 30 Or. 215 (46 Pac. 1017, 47 Pac. 851); *Eugene* v. *Lane County,* 50 Or. 468 (93 Pac. 255); *City of Nyssa* v.

*Malheur County,* 54 Or. 286 (103 Pac. 61); *Tillamook
City* v. *Tillamook County,* 56 Or. 112 (107 Pac. 482).
In the latter case Mr. Chief Justice McBRIDE, speak-
ing for the court, said: "It is also suggested that the
County Court had no right to levy any tax for road
purposes within the city limits, and in this view we
concur. It has been the usual custom to exempt in-
corporated cities from the payment of general county
road taxes, and at the session at which the charter in
question was passed several municipal corporations
were thus exempted, and it does not seem probable that
the legislature intended to make an exception of Tilla-
mook City." The legislature, as a general rule, has
constituted that part of the counties outside the limits
of the municipalities tax districts for the purpose of
providing funds for the improvement of the rural
highways, and has exempted most of the municipal-
ities from such taxes. This was undoubtedly for the
reason that the inhabitants of the cities and towns are
subjected to taxes for the purpose of improving the
streets and sidewalks within such municipalities. Evi-
dently the legislative intent was based upon the prin-
ciple that such a system of taxation for roads and
highways would be approximately equal: Gray, Limi-
tations of Taxing Power, etc., § 528.

2. A tax that is equal and uniform throughout the
taxing district is not violative of the provisions of Sec-
tion 32, Article I, and Section 1, Article IX, of the
Constitution as to equality and uniformity: *East Port-
land* v. *Multnomah County,* 6 Or. 66; *Cook* v. *Port of
Portland,* 20 Or. 580, 589 (27 Pac. 263, 13 L. R. A. 533).
It is said in Cooley, Taxation, pages 257, 258, that:
"Under any system of taxation, however wisely and
carefully framed, a disproportionate share of the pub-
lic burdens will be thrown on certain kinds of property,
because they are visible and tangible, while others are

of a nature to elude vigilance. It is only where statutes are passed which impose taxes on false and unjust principles, or operate to produce gross inequality, so that they cannot be deemed in any just sense proportional in their effect on those who are to bear the public charges that courts can interpose and arrest the course of legislation by declaring such enactments void." While our system of taxation in this respect cannot be claimed to be perfect, we are not prepared to say that it does not provide for equality as far as it can consistently with practicability.

3. This section of the charter of the city of Ashland is not in violation of sections of the Constitution referred to. To hold that the County Court of Jackson County has the right to levy one half of the county tax for road purposes upon taxable property within the limits of the city of Ashland would be in direct conflict with the section of the charter to which reference is made. By this section it clearly appears that the jurisdiction or authority of the County Court of Jackson County to levy taxes for county road purposes is entirely wanting. Authority is vested in the municipality to levy taxes on property within the city limits for street purposes therein.

It follows that the judgment of the lower court must be affirmed and it is so ordered.          AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE EAKIN and MR. JUSTICE MCNARY concur.