Argued at Pendleton May 6; affirmed June 2, 1931

STATE ex rel. HARTH et al. v. PHIPPS,
County Judge, et al.
(299 P. 1009)

*J. J. Johnson,* of Portland (Albert H. Tanner, of Portland, on the brief), for appellants.

*Francis V. Galloway,* District Attorney, *John Gavin,* and *Celia Gavin,* all of The Dalles, for respondents.

*William H. Trindle,* of Salem, on brief *amicus curiae.*

456

BROWN, J. The provision of the charter of Dalles City approved February 17, 1899, as amended by section 4, chapter 280, Special Laws of Oregon, 1905, exempting that municipality from the jurisdiction of the county court of Wasco county, and upon which the defendants rely, reads:

"Section 99. The territory within the limits of Dalles City is hereby excepted out of the jurisdiction of the county court of Wasco County upon the following subjects, to wit:

"To divide the same or any part thereof into road districts, or to appoint supervisors of road districts for any part thereof, or to lay out, open, or work on the highways therein; and the inhabitants of said city shall be exempt from the payment of road taxes or the assessment of property within said city for road work, except such taxes as may be levied by the council of Dalles City for expenditures within said city."

Like provisions exist in the charter of Mosier, incorporated on October 6, 1913, and in the special law incorporating the town of Dufur, enacted in 1905. See Special Laws of Oregon, 1905, chapter 273.

Section 4600, Oregon Laws, as amended by chapter 356, General Laws of Oregon, 1927, the same being the section relied upon by the plaintiff, reads:

"An Act To amend section 4600, Oregon Laws, as amended by chapter 328, General Laws of Oregon, 1925.

*"Be It Enacted by the People of the State of Oregon:*

"Section 1. That section 4600, Oregon Laws, as amended by chapter 328, General Laws of Oregon, 1925, be and the same hereby is amended so as to read as follows:

"Sec. 4600. It shall be, and is hereby made, the duty of the county court or commissioners' court of each county in this state to levy a tax of not less than one mill nor more than ten mills on the dollar on all taxable property in such county at the time of making the annual tax levy, which shall be set apart in the county treasury as a general road fund, to be used in establishing, laying out, opening, surveying, altering, improving, constructing, maintaining and repairing county roads, and bridges on county roads, or used in like manner alone or in cooperation with the state on roads within such county known as state roads, or such road, or any portion thereof built in cooperation with the United States in accordance with an act of Congress approved July 11, 1916, entitled 'An act to provide that the United States shall aid the states in the construction of rural postroads and for other purposes,' or any other act of Congress, rule or regulation of any department of the United States, except this provision shall not apply to counties having a population of over twenty-five thousand (25,000) according to the United States census for the year 1910; and such county court or commissioners' court of each county in this state is hereby authorized to cooperate with the

state, the United States or any department thereof in the improvement of any public road within such county; provided, however, that counties having a population of more than twenty-five thousand (25,000) may levy a tax of not more than ten mills on the dollar of all taxable property in such county for a general road fund, as in this act provided. Said tax shall be paid in money and levied and collected in the same manner as other county taxes are levied and collected and when so collected shall be used for road purposes only, as provided in this act, and 50 per cent thereof shall be apportioned to the several road districts, including districts composed of incorporated cities and towns, in such proportion as the amount of taxable property in each district shall bear to the whole amount of taxable property in the county, and the remaining 50 per cent shall be applied to roads in such locality in the county as the county court or commissioners' court may direct; provided, that the amount apportioned to any incorporated city or town shall be transferred to such incorporated city or town to be expended under the management of the officials of such incorporated city or town for the improvement and repair of county roads and for the improvement, repair and maintenace of improved streets within the boundaries of such city or town; and it is hereby further provided, that no county money or county funds, except taxes levied under the state market road act for market road construction, shall be used or expended by the county court or commissioners' court upon any roads or bridges, derived from any tax levy hereafter made, except the same be levied and collected as in this section provided; and provided further, that no road tax shall be included in any general fund levy, or in any other fund in such a manner that the same can not be readily ascertained for apportionment as hereinbefore provided."

The determination of this cause rests upon the construction of the foregoing section, now codified as Oregon Code 1930, § 44-2101, and the application of

that section to incorporated cities and towns in this state having charter provisions exempting such municipalities from the payment of a general road tax. At the inception, it will be helpful to notice the history of the several legislative acts involved. Tracing the history of the acts relied upon by Dalles City to exempt it from the provisions of the section quoted above, we note, first, chapter 1, Special Laws of Oregon, 1880, entitled:

"An act to incorporate Dalles City and repeal an act entitled, 'An act to incorporate Dalles City,' approved October 15, 1862, and also an act entitled, 'An act to incorporate Dalles City,' approved October 24, 1868, and also an act entitled, 'An act to amend an act entitled "An act to incorporate Dalles City,"' approved October 26, 1870."

Section 100 of that act excepts the territory within the limits of Dalles City out of the jurisdiction of the county court of Wasco county, for road purposes, and exempts the inhabitants of Dalles City from the payment of road taxes, or the assessment of property within that city for road work. This exemption in the charter of Dalles City has been reenacted, but never repealed.

Section 99 of Dalles City charter, approved February 17, 1899, as amended by section 4 of chapter 280, Special Laws of Oregon, 1905, contains the exemption excepting Dalles City from the jurisdiction of the county court for the purpose of levying a road tax, in substantially the language of the original exemption contained in section 100 of chapter 1 of the act of 1880 just alluded to.

■ We fully realize that laws exempting property from taxation must be strictly construed. In other

words, exemptions are not favorites of the law of taxation. However, it is quite apparent that, in the year 1880, the legislative mind resolved—and carried out its purpose—to exempt Dalles City from the provisions of the road law then on the statute books. The provisions of the exemption provided for in the charter bearing date 1880, which was reenacted in 1899, and in the amendment of section 99 thereof in 1905, delegated to Dalles City the authority and power to divide the territory within Dalles City into road districts, and to place upon the city the burden of laying out and constructing streets or public highways within the limits thereof. It is asserted without contradiction that this exemption has, during all the succeeding years, been recognized and observed both by Dalles City and Wasco county; and, by virtue of the power delegated to the city for such purpose, all highway improvements within the limits thereof have been made at the expense of the property of Dalles City, and no assistance has been sought or received from the county.

There is no question but that a similar condition exists with relation to the incorporation of Dufur and Mosier.

■■ In several instances this court has adjudged that charter provisions exempting property within the corporate limits from taxation for road purposes, and from the jurisdiction of the county court relating to roads are legal. It was long ago decided that the paramount and primary control of highways in this state, and of the streets of incorporated cities and towns, is vested in the legislature, and that the state may transfer its control thereof to a municipal corporation by an act of the legislative assembly: *East Portland v.*

*Multnomah County,* 6 Or. 62; *Tillamook City v. Tillamook County,* 56 Or. 112 (107 P. 482) ; *Johnson v. Jackson County,* 68 Or. 432 (136 P. 874). In the case last cited it was contended by defendant that the charter of the city of Ashland must be construed as exempting property within that city from the payment only of one-half of the tax levied pursuant to section 6320, L. O. L. (now known as Oregon Code 1930, § 44-2101), apportionable to the road districts of the county, and not from the one-half of the tax which is placed in a county fund for general highway purposes. In the disposition of the case Mr. Justice BEAN, delivering the opinion of the court, wrote:

"A glance at that section of the charter reveals that the area within the limits of the city of Ashland is excepted out of the jurisdiction of the county court of Jackson county for road purposes, and further that the inhabitants of that city are exempt from the payment of road taxes, and the property within the city is exempt from assessment for road work outside the city boundaries. Similar provisions in municipal charters have been upheld by this court in the following cases : *East Portland v. Multnomah County,* 6 Or. 62; *Multnomah County v. Sliker,* 10 Or. 65; *Oregon City v. Moore,* 30 Or. 215 (46 P. 1017, 47 P. 851) ; *Eugene v. Lane County,* 50 Or. 468 (93 P. 255) ; *City of Nyssa v. Malheur County,* 54 Or. 286 (103 P. 61) ; *Tillamook City v. Tillamook County,* 56 Or. 112 (107 P. 482). In the latter case Mr. Chief Justice McBRIDE, speaking for the court, said:

" 'It is also suggested that the county court had no right to levy any tax for road purposes within the city limits, and in this view we concur. It has been the usual custom to exempt incorporated cities from the payment of general county road taxes, and at the session at which the charter in question was passed several municipal corporations were thus exempted, and it does not seem probable that the Legislature intended to make an exception of Tillamook City.'

"The Legislature, as a general rule, has constituted that part of the counties outside the limits of the municipalities tax districts for the purpose of providing funds for the improvement of the rural highways, and has exempted most of the municipalities from such taxes. This was undoubtedly for the reason that the inhabitants of the cities and towns are subjected to taxes for the purpose of improving the streets and sidewalks within such municipalities. Evidently the legislative intent was based upon the principle that such a system of taxation for roads and highways would be approximately equal: Gray, Limitation of Taxing Power, etc., § 528."

There is no question but what the charter of Dalles City contains, in plain and unmistakable terms, a provision enacted by the legislative assembly, whereby its citizens and their property are exempt from the levy of a road tax by the county court. Notwithstanding that exemptions are not favored by law, that grant was made to this municipality in language so clear and explicit that it cannot be interpreted or construed away.

But it is asserted, in substance, that the exemption contained in the charter of Dalles City has been repealed by later enactments. This assertion is not supported by fact. We have not been cited to any statute that withdraws from that municipality the exemption conveyed to it by the legislature of this state. While the cases of *Kime v. Thompson,* 60 Or. 183, (118 P. 174); *Roney v. Lane County,* 81 Or. 372 (159 P. 73); *City of Pendleton v. Umatilla County,* 117 Or. 140 (241 P. 979), and *City of Astoria v. Cornelius,* 119 Or. 264 (240 P. 233), afford a valuable discussion of the road tax laws, they do not alter the exemptions provided by the charters of the municipalities involved. If this privilege has been taken away by the lawmaking

power of the state, it has been accomplished by repeal by implication. And, as stated by Mr. Justice BEAN in *State v. Rogers,* 22 Or. 348 (30 P. 74):

"Repeals by implication are not favored; and a subsequent affirmative statute does not repeal a prior one unless there is a conflict between the two which is direct and irreconcilable." (Citing many authorities.)

This is well settled law in this state.

In this connection, we also direct attention to *Winters v. George,* 21 Or. 251 (27 P. 1041), where this court, speaking through Mr. Justice STRAHAN, wrote:

"It is elementary law that repeals by implication are not favored. It is a reasonable presumption that the legislature did not intend to keep really contradictory enactments in the statute book, or to effect so important a measure as the repeal of a law without expressing an intention to do so. Such an interpretation, therefore, is not to be adopted unless it be inevitable. Any reasonable construction which offers an escape from it is more likely to be in consonance with the real intention. Hence it is said to be a rule founded in reason as well as in abundant authority, that, in order to give an act not covering the entire ground of an earlier one, nor clearly intended as a substitute for it, the effect of repealing it, the implication of an intention to repeal must necessarily flow from the language used, disclosing a repugnancy between its provisions and the earlier law so positive as to be irreconcilable by any fair, strict or liberal construction which would, without destroying its evident intent and meaning, find for it a reasonable field of operation, preserving at the same time the force of the earlier law, and construing both together in harmony with the whole course of legislation on the subject. These principles are laid down by a recent author. (Endlich Interp. Stat., § 210; Cooley, Const. Lim., 153)."

To like effect, see *Strickland v. Geide,* 31 Or. 373 (49 P. 982); *Ladd v. Gambell,* 35 Or. 393 (59 P. 113), and the local citations therein contained.

■ Early in the history of Oregon the court adopted the rule that statutes not expressly repealing other statutes were to be construed, if possible, to suffer both to be enforced: *Palmer v. State,* 2 Or. 66; *State v. Benjamin,* 2 Or. 125.

In *Pacific Elevator Co. v. Portland,* 65 Or. 349 (133 P. 72, 46 L. R. A. (N. S.), 363), it was held that one statute is not repugnant to another unless such statutes relate to the same subject and are enacted for the same purpose. When there is a difference in the whole purview of two statutes apparently relating to the same subject, the former is not repealed by the latter. This doctrine is taught by 1 Lewis' Sutherland Statutory Construction, § 247.

In *Lyons v. City of Portland,* 115 Or. 533 (235 P. 691), this court held that, a city's charter being in its character special and relating to a particular locality, power given thereby to license is not repealed by implication, and so not by a general statute indicating no intention to repeal it. To the same effect, see *Hill v. Hartzell,* 121 Or. 4 (252 P. 552). See, also, *Rodgers v. United States,* 185 U. S. 83 (46 L. Ed. 816, 22 S. Ct. 582), where Mr. Justice Brewer, in rendering the opinion of the court, said:

"Where there are two statutes, the earlier special and the later general—the terms of the general broad enough to include the matter provided for in the special—the fact that one is special and the other is general creates a presumption that the special is to be considered as remaining an exception to the general, and the general will not be understood as repealing the special, unless a repeal is expressly named, or unless the provisions of the general are manifestly inconsistent with those of the special."

Much has been said concerning the sufficiency of the title to several of the statutes involved in this case.

In *Warren v. Crosby,* 24 Or. 558 (34 P. 661), Mr. Chief Justice LORD laid down the rule that statutes, not amendatory or revisory in character, but original in form and complete within themselves, exhibiting on their face their purpose and scope, are not within the constitutional prohibition against amending acts by reference to their title (Or. Const., art. 4, § 22), notwithstanding they may, by implication, amend or modify existing laws upon the same subject. The statute involved in that case was a general legislative act amending section 38 of a special act incorporating the city of Astoria, which was asserted to have been in violation of the section of the Constitution just referred to. That statute plainly establishes that the special enactment was intentionally amended by the later act. Section 9 of the later act provides:

"That all laws providing for assessors in or assessments of property by any school district, incorporated town, or city, and all laws in conflict herewith, be and the same are hereby repealed": Gen. Laws 1893, p. 116.

■ We have examined the several legislative acts relating to the establishment and maintenance of the public highways of Oregon. There is not one word in the title of any one of these acts that tends to effect an express repeal, nor is there any language in the body of the several acts that expressly repeals the special legislative act contained in the charter of Dalles City, exempting that municipality from the payment of road tax provided by section 4600, Oregon Laws, as amended. This act, therefore, fails, either expressly or by implication, to repeal the provision of the charter

of Dalles City exempting that municipality from the payment of the county road tax of Wasco county in accordance with the plaintiff's contention.

■ If possible, it is the duty of this court so to construe the acts involved that both shall be operative. This is a familiar rule of construction. Moreover, we are not unmindful of the fact that for the past fifty years both Dalles City and the county court of Wasco county have construed the statute to mean just what it says, and have at all times acted in accordance with that construction.

Another matter noted in one of the briefs is the statement that Dalles City was receiving a share of the taxes levied under section 4600 and its amendments. This statement is erroneous. Dalles City has neither received nor paid tax money under the provisions of that section.

Based upon a perusal of the many authorities applicable to the questions herein involved, and from a fair consideration of the various statutes enacting road laws in this jurisdiction, we are required to affirm the decree appealed from. It is so ordered.

ROSSMAN and KELLY, JJ., did not participate in the hearing or decision of this case.